Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000531
16-OCT-2023
08:07 AM
Dkt. 69 OP

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---o0o---

WALTER N. GUITY, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee

NO. CAAP-21-0000531

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-21-0000629)

OCTOBER 16, 2023

GINOZA, CHIEF JUDGE, HIRAOKA AND WADSWORTH, JJ.

OPINION OF THE COURT BY HIRAOKA, J.

Self-represented Petitioner-Appellant Walter N. **Guity** petitioned the **Circuit Court** of the First Circuit,[1] under Hawaii Revised Statutes (**HRS**) Chapter 661B, for redress for wrongful conviction and imprisonment. Respondent-Appellee **State** of Hawaiʻi moved to dismiss. The Circuit Court granted the motion and entered judgment in the State's favor, against Guity. Guity

_____

[1] The Honorable Jeffrey P. Crabtree presided.

appeals.  We hold that Guity's petition satisfied the pleading requirements of HRS § 661B-1(b)(1) as to one of his convictions, but not the other.  Accordingly, we vacate the judgment; vacate in part the Circuit Court's order dismissing Guity's petition; and remand for further proceedings.

## I.  BACKGROUND

The facts underlying Guity's petition were recited in State v. Guity, 144 Hawaiʻi 557, 445 P.3d 138 (2019) (**Guity II**).  In May 2010 Guity was indicted on multiple counts, including attempted sexual assault in the first degree (the **Family Court Case**).[2]  The complaining witness in the Family Court Case was Guity's wife.  In March 2011 Guity was indicted on multiple counts of sexual assault of a different woman (the **Circuit Court Case**).[3]

Guity agreed to enter pleas in both cases.  In the Family Court Case, he pleaded guilty to a reduced charge of Sexual Assault in the Third Degree.  In the Circuit Court Case, he pleaded guilty to one count of Sexual Assault in the Second

---

[2]     We judicially notice the documents filed in the Family Court Case pursuant to Rule 201, Hawaii Rules of Evidence, Chapter 626, Hawaii Revised Statutes (2016).  The counts alleged in the indictment were: (1) Abuse of Family or Household Members in violation of HRS § 709-906; (2) Terroristic Threatening in the Second Degree in violation of HRS § 707-717(1); (3) Kidnapping in violation of HRS § 707-720(1)(d); (4) and (5) Attempted Sexual Assault in the First Degree in violation of HRS §§ 705-500 and 707-730(1)(a); and (6) Interference with Reporting an Emergency or Crime in violation of HRS § 710-1010.5(1).

[3]     We also judicially notice the documents filed in the Circuit Court Case.  The counts alleged in the indictment were: (1), (2), and (3) Sexual Assault in the Second Degree in violation of HRS § 707-731(1)(a); and (4), (5), and (6) Sexual Assault in the Fourth Degree in violation of HRS § 707-733(1)(a).

Degree.  The State agreed to dismiss all remaining counts in the Family Court Case and the Circuit Court Case.

Before he was sentenced, Guity moved to withdraw his guilty pleas.  The trial court denied Guity's motion.  Guity was sentenced to concurrent prison terms of 12 months for the Family Court Case and 18 months for the Circuit Court Case.[4]

Guity appealed.  We held that Guity should have been allowed to withdraw his guilty plea in the Family Court Case because, under the law at that time, the offense of sexual assault in the third degree could not be committed by a defendant against their spouse.[5]  State v. Guity, No. CAAP-12-0000287, 2016 WL 6427681, at *6-7 (Haw. App. Oct. 31, 2016), as amended, (Nov. 21, 2016) (mem.) (**Guity I**), vacated on other grounds by Guity II.  We also held that the trial court failed to obtain a valid waiver of Guity's right to counsel before the hearing on his motion to withdraw his guilty pleas.  Id. at *9.  We vacated the convictions and remanded for further proceedings.

Guity applied for a writ of certiorari.  In Guity II the supreme court held that Guity should have been allowed to withdraw his guilty plea in the Circuit Court Case as well as the Family Court Case, because the pleas were part of a global plea agreement.  144 Hawaiʻi at 558, 563, 445 P.3d at 139, 144.  The

---

[4]     Guity contends, and the State doesn't dispute, that he served the full term of his sentences.  See State v. Guity, No. CAAP-12-0000287, 2016 WL 6427681, at *6 n.6 (Haw. App. Oct. 31, 2016), as amended, (Nov. 21, 2016) (mem.) (**Guity I**) ("It appears that by the time briefing in this appeal was completed, Guity had completed serving his concurrent terms of imprisonment on both convictions."), vacated on other grounds by Guity II .

[5]     The relevant law has since been amended.  See Guity I, 2016 WL 6427681, at *1 n.1.

3

supreme court remanded both cases "with instructions to accept Guity's withdrawal of both pleas and for further proceedings consistent with this opinion." Id. at 563-64, 445 P.3d at 144-45.

On remand in the Family Court Case, Guity moved to dismiss Counts 2, 3, 4, and 5 because of defects in the indictment. The trial court granted the motion and dismissed Counts 2, 3, 4, and 5 without prejudice. The State moved to nolle prosequi Counts 1 and 6 without prejudice "on the ground that Counts 2-5 were dismissed without prejudice[.]" The trial court granted the motion. The crime for which Guity pleaded guilty and was convicted (sexual assault in the third degree) wasn't charged in the indictment.

On remand in the Circuit Court Case, Guity moved to dismiss all six counts because of defects in the indictment. The trial court granted the motion "with prejudice, as the State can no longer prosecute the case due to lack of contact with the complainant."

Guity filed the petition below on May 14, 2021. He sought redress from the State for wrongful convictions and imprisonment under HRS Chapter 661B. The State moved to dismiss the petition or, alternatively, for summary judgment. The Circuit Court granted the motion. It ruled:

> 3. The court's analysis is straight-forward. HRS Section 661B-1 is clear. To present an actionable claim against the State for wrongful conviction and imprisonment, Mr. Guity must allege that he was convicted, was sentenced, and was imprisoned, **and** that his judgment of conviction was reversed because he was actually innocent of the crimes for which he was convicted, **and the court decision so states** (or

4

the petitioner was pardoned and the pardon so states) (emphasis added).

　　4.　There is no dispute that Mr. Guity obtained dismissal of a charge against him.　However, it is also undisputed that no court decision connected with the dismissal states he was actually innocent.　Mr. Guity argues that the presumption of innocence should apply.　Mr. Guity is absolutely correct that he is presumed innocent in the context of the criminal justice system.　But he is now in a different arena -- asserting a civil claim for damages.　HRS Section 661B-1 controls civil claims for wrongful imprisonment.　The presumption of innocence that cloaks Mr. Guity in a criminal case does not apply in civil litigation.　The statute clearly states and is clearly intended to limit financial claims against the State to situations where there is an actual and express finding of actual innocence by the court considering the criminal case.

A written order was entered on October 27, 2021.

This appeal followed.　After briefing was completed, we entered an order under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4)[6] for supplemental briefing on whether HRS § 661B-3(b)(1)[7] should be applied in this appeal.　Both parties filed timely supplemental briefs.

---

[6]　HRAP Rule 28(b)(4) provides, in relevant part:

If an appellate court, when acting on a case on appeal, contemplates basing the disposition of the case wholly or in part upon an issue of plain error not raised by the parties through briefing, it shall not affirm, reverse, or vacate the case without allowing the parties the opportunity to brief the potential plain-error issue prior to disposition.

[7]　HRS § 661B-3 (2016) provides, in relevant part:

　　(b)　The following shall be affirmative defenses, on which the State shall have the burden of proof by a preponderance of the evidence:

　　　　(1)　The petitioner was serving a term of imprisonment for another crime, including crimes under the laws of the United States, concurrently with imprisonment for the crime or crimes for which petitioner was actually innocent[.]

## II. STANDARDS OF REVIEW

### A. Motion to Dismiss

"A circuit court's ruling on a motion to dismiss is reviewed de novo." Bank of Am., N.A. v. Reyes-Toledo, 143 Hawai'i 249, 256, 428 P.3d 761, 768 (2018) (citation omitted). We apply the same standard applied by the circuit court:

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. The appellate court must therefore view a plaintiff's complaint in a light most favorable to him or her in order to determine whether the allegations contained therein could warrant relief under any alternative theory. For this reason, in reviewing a circuit court's order dismissing a complaint . . . the appellate court's consideration is strictly limited to the allegations of the complaint, and the appellate court must deem those allegations to be true.

Id. at 257, 428 P.3d at 769 (citation omitted). "However, in weighing the allegations of the complaint as against a motion to dismiss, the court is not required to accept conclusory allegations on the legal effect of the events alleged." Kealoha v. Machado, 131 Hawai'i 62, 74, 315 P.3d 213, 225 (2013) (citation omitted).

The State's motion to dismiss included five exhibits that were not excluded by the Circuit Court. That would ordinarily have converted the motion to dismiss into one for summary judgment. See Hawai'i Rules of Civil Procedure (**HRCP**) Rule 12(b); Andrade v. County of Hawai'i, 145 Hawai'i 265, 268-69, 451 P.3d 1, 4-5 (App. 2019). The exhibits, however, consisted of our memorandum opinion in Guity I; the supreme court opinion in Guity II; and findings of fact, conclusions of law, and orders

6

entered on remand in the Family Court Case and the Circuit Court Case.  Hawaii Rules of Evidence Rule 201 permits a court to notice adjudicative facts if they are "not subject to reasonable dispute."  "The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records."  Uyeda v. Schermer, 144 Hawaiʻi 163, 172, 439 P.3d 115, 124 (2019) (citation omitted).[8]  A trial court may judicially notice the contents of court records without converting a motion to dismiss into a motion for summary judgment.  See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018).[9]  Accordingly, we apply the standard of review applicable to HRCP Rule 12(b)(6) motions to dismiss.

---

[8]     However:

> a distinction must be carefully drawn between taking judicial notice of the existence of documents in the Court file as opposed to the truth of the facts asserted in those documents.  Factual allegations, conclusions, and findings, whether authored by the court, by the parties or their attorneys, or by third persons, should not be noticed to prove the truth of the matters asserted even though the material happens to be contained in court records.  A court may only take judicial notice of the truth of facts asserted in documents such as orders, judgments, and findings of fact and conclusions of law because of the principles of collateral estoppel, res judicata, and the law of the case.

Uyeda, 144 Hawaiʻi at 172, 439 P.3d at 124 (cleaned up) (emphasis omitted).

[9]     Although cases interpreting provisions of the Federal Rules of Civil Procedure and Federal Rules of Evidence are not binding upon us, we may refer to them for their persuasive authority in interpreting the Hawaiʻi Rules of Civil Procedure and Hawaii Rules of Evidence.  Ralston v. Yim, 129 Hawaiʻi 46, 57 n.15, 292 P.3d 1276, 1287 n.15 (2013) (noting Hawaiʻi courts "can look to cases interpreting the Federal Rules of Civil Procedure for persuasive guidance." (citation omitted)); State v. Fitzwater, 122 Hawaiʻi 354, 366 n.7, 227 P.3d 520, 532 n.7 (2010) ("Although cases interpreting provisions in the Federal Rules of Evidence are . . . not binding on us, we may refer to them for persuasive authority in interpreting similar provisions of the Hawaii Rules of Evidence." (citation omitted)).

### B.    Statutory Interpretation

Interpretation of a statute is a question of law reviewed de novo.  Barker v. Young, 153 Hawaiʻi 144, 148, 528 P.3d 217, 221 (2023).  We start with the statute's language; "implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself."  Id. (citation omitted).  But "when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, . . . the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning."  Id. (citation omitted).  We may also "resort to extrinsic aids in determining legislative intent, such as legislative history, or the reason and spirit of the law."  Id. (citation omitted).

### III. DISCUSSION

Guity argues that the Circuit Court erred by granting the State's motion to dismiss "because Guity's case met all the grounds according to the legislative statue [sic]."[10]  HRS § 661B-1 (2016) provides:

> **Statement of claim for compensation.**  (a) Any person convicted in a court of the State and imprisoned for one or more crimes of which the person was ***actually innocent*** may

---

[10]    Guity's opening brief doesn't comply with HRAP Rule 28(b).  But to promote access to justice, the supreme court instructs that self-represented litigants shouldn't be foreclosed from appellate review because they fail to comply with court rules.  Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).  Accordingly, we address what we discern to be Guity's arguments.

file a petition for relief pursuant to this chapter for an award of damages against the State; provided that the requirements of subsection (b) are met.

(b) To present an actionable claim against the State for wrongful conviction and imprisonment, the petitioner shall allege that the petitioner was convicted of one or more crimes under the laws of the State, was subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence and either that:

(1) The judgment of conviction was reversed or vacated because the petitioner was ***actually innocent*** of the crimes for which the petitioner was convicted, ***and the court decision so states***; or

(2) The petitioner was pardoned because the petitioner was actually innocent of the crimes for which the petitioner was convicted and the pardon so states.

(Bold italics added.)

Guity's petition, written in the first person, alleged that he was convicted and sentenced in the Family Court Case and in the Circuit Court Case; served his sentences; appealed his convictions; the convictions were vacated "because I was innocent of the crimes for which I was convicted"; and both cases were dismissed on remand.

The State argues that "[t]he Hawai'i Supreme Court vacated Guity's conviction because the circuit court wrongly refused to let him withdraw his guilty plea. It made no finding of 'actual innocence[,]'" nor did its opinion "so state[]." The State also argues that "actually innocent" is a legal term of art meaning "factual innocence, not mere legal insufficiency[,]" and that a person is "actually innocent" if "they did not commit the underlying conduct upon which their conviction was based."

### A. The legislature did not define the phrase "actually innocent" and the legislative history does not provide definitive guidance.

HRS Chapter 661B doesn't define the phrase "actually innocent." The State contends the phrase is a legal term of art meaning "factual innocence, not mere legal insufficiency." The State appears to be referring to federal habeas corpus law.[11] A state prisoner who is procedurally unable to obtain habeas relief from the state's highest court may seek relief from a federal court if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is *actually innocent*[.]" Murray v. Carrier, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986) (emphasis added). In such a case, "failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). The miscarriage of justice exception applies only in extraordinary cases, and "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614,

---

[11] The State's brief cites Williams v. United States, 568 F. Supp. 3d 1115 (W.D. Wash. 2021), a federal habeas case, and In re Allen, 366 S.W.3d 696 (Tex. 2012). Under the Texas wrongful imprisonment statute, "[a] person is entitled to compensation if the person 1) has served in whole or in part a sentence in prison under the laws of this state, and 2) has been granted habeas relief on a court determination that he is 'actually innocent' of the crime for which he was sentenced." In re Allen, 366 S.W.3d at 700.

623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998).[12] HRS Chapter 661B doesn't mention federal law on habeas relief. Nor does the legislative history mention federal habeas law.

HRS Chapter 661B was enacted on June 29, 2016. 2016 Haw. Sess. Laws Act 156, § 5 at 513. The bill for Act 156 (2016) had been introduced during the previous legislative session. H.B. 1046, 28th Leg., Reg. Sess. (2015).[13] The bill was carried

---

[12] Even under federal law, "actual innocence" doesn't always mean that the defendant did not commit the crime of which they were convicted. In federal habeas cases when the petitioner challenges a state death penalty, "actual innocence" is established by showing that but for a constitutional error, no reasonable juror would have found the petitioner *eligible for the death penalty* under the applicable state law. Sawyer v. Whitley, 505 U.S. 333, 336, 112 S. Ct. 2514, 120 L. Ed. 2d 269 (1992).

[13] The bill proposed this language:

> (b) To present an actionable claim against the State for wrongful conviction and imprisonment, the claimant shall allege:
>
> > (1) That the claimant has been convicted of one or more crimes, was subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence, under the laws of this State;
> >
> > (2) On grounds consistent with innocence and supported by findings that clearly state such consistency, for the crime or crimes which the claimant was sentenced:
> >
> > > (A) That the claimant was pardoned for the crime or crimes;
> > >
> > > (B) That the judgment of conviction was reversed or vacated; and:
> > >
> > > > (i) The accusatory instrument was dismissed; or
> > > >
> > > > (ii) If a new trial was ordered, either the claimant was found not guilty at the new trial or the claimant was not retried and the accusatory instrument was dismissed; or
> > >
> > > (C) The statute, or application thereof, on which the accusatory instrument was based, violated the constitution of the United States or the State of Hawaii;

(continued...)

over to the 2016 session.[14]  A "Special Committee On Redress for Unlawful Imprisonment" was convened by the Hawai'i chapter of the American Judicature Society (**AJS**) in 2015 to revise the bill's language.  H. Stand. Comm. Rep. No. 411-16, in 2016 House Journal, at 903.[15]

The AJS committee's co-chair submitted written testimony to the Senate Committee on Judiciary and Labor explaining that the AJS committee had "reviewed legislation adopted in many of the several states and also looked at some of the objections to a 2015 proposed bill[.]"  Senate Committee on Judiciary and Labor on House Bill 1046, H.D.2, 28th Leg., Reg. Sess. (Mar. 14, 2016) (testimony of Mark J. Bennett[16]).[17]  The AJS committee "believed the proposed statute afforded appropriate

_____

[13]      (...continued)
> (3)      That the claimant did not commit any of the crimes charged in the accusatory instrument, or the acts or omissions charged in the accusatory instrument did not constitute a crime;
>
> (4)      That the claimant did not commit or suborn perjury or fabricate evidence to cause or bring about the claimant's conviction; provided that neither a confession or admission later found to be false, nor a guilty plea to a crime the claimant did not commit, shall constitute perjury or fabrication under this paragraph[.]

H.B. 1046, 28th Leg., Reg. Sess. (2015), available at https://www.capitol.hawaii.gov/sessions/session2015/bills/HB1046_.PDF.

[14]      See Haw. Const. art. III, § 15 ("Any bill pending at the final adjournment of a regular session in an odd-numbered year shall carry over with the same status to the next regular session.").

[15]      Available at https://www.capitol.hawaii.gov/sessions/session2016/CommReports/HB1046_HD1_HSCR411-16_.pdf.

[16]      The other co-chair for the AJS committee was the Honorable Jeannette H. Castagnetti.

[17]      Available at https://www.capitol.hawaii.gov/sessions/session2016/Testimony/HB1046_HD2_TESTIMONY_JDL_03-15-16.PDF.

compensation and yet also provided appropriate safeguards for the State and the taxpayers, striking a fair balance." Id. As recognized by the Conference Committee and the Senate Committee on Judiciary and Labor, the AJS committee's suggestions were incorporated into the version of H.B. 1046 that was ultimately enacted as HRS Chapter 661B. See Conf. Comm. Rep. No. 146-16, in 2016 House Journal, at 1410 ("Your Committee on Conference notes that the language in this measure is substantially similar to the draft legislation proposed by the Hawaii Chapter of the American Judicature Society Special Committee on Redress for Unlawful Imprisonment.");[18] S. Stand. Comm. Rep. No. 3045, in 2016 Senate Journal, at 1309 ("Your Committee finds that the language in this measure is substantially similar to the draft legislation proposed by the Hawaii Chapter of the American Judicature Society special committee on redress for unlawful imprisonment.")[19].

There is no indication that the AJS committee suggested incorporating the phrase "actually innocent" in the proposed law as a term of art meaning "factual innocence, not legal insufficiency[,]" as in federal habeas law. Nor is there any indication that the bill's final language was based on any other state's statute. Indeed, the State's answering brief describes the redress statutes of Alabama, Colorado, Connecticut,

---

[18]     Available at https://www.capitol.hawaii.gov/sessions/session2016/CommReports/HB1046_CD1_CCR146-16_.pdf.

[19]     Available at https://www.capitol.hawaii.gov/sessions/session2016/CommReports/HB1046_SD1_SSCR3045_.pdf.

Massachusetts, Missouri, Montana, New Jersey, Oklahoma, Texas, Washington, and the District of Columbia, but our statute appears to be uniquely worded.

The legislative committee reports don't clearly state what the phrase "actually innocent" was intended to mean, either. But they do give some indication of the general legislative intent. The House Committee on Judiciary reported:

> Your Committee finds that compensation for wrongful imprisonment generates many viewpoints about the State's responsibility in these circumstances. Wrongful convictions and the subsequent incarcerations may be the result of many factors, including eyewitness misidentification, false confessions, improper forensic science, and government misconduct. The conundrum confronting any compensation scheme is to identify deserving individuals who are innocent of crimes from those who are not.
>
> . . . .
>
> Upon careful consideration, your Committee has amended this measure by deleting its contents and inserting the language of H.B. No. 1046, H.D. 1, Proposed, which provides compensation and expungement of conviction to persons who can demonstrate that they were ***wrongfully convicted and imprisoned when actually innocent***.

H. Stand. Comm. Rep. No. 411-16, in 2016 House Journal, at 903 (emphasis added);[20] cf. State v. Kamanaʻo, 103 Hawaiʻi 315, 321, 82 P.3d 401, 407 (2003) (noting that "[a] sentencing court may not draw a negative inference of lack of remorse from the defendant's silence at sentencing where he has maintained, throughout the proceedings, that *he did not commit the offense of which he stands convicted* — i.e., that he is *actually innocent*" (emphasis added) (citation omitted)).

---

[20]    See supra note 15.

Further, the Conference Committee reported, in relevant part:

> The purpose of this measure is to provide compensation and expungement of conviction to persons **who can demonstrate they were wrongfully convicted and imprisoned when actually innocent**.
>
> . . . .
>
> **Innocent persons** who have been wrongly convicted of crimes and subsequently imprisoned have been uniquely victimized, have distinct challenges re-entering society, and have difficulty achieving legal redress due to a variety of substantive and technical obstacles in the law. . . . Your Committee on Conference finds that these individuals deserve a process of redress over and above the existing tort remedies to seek compensation for damages from the jurisdiction that wrongly convicted and imprisoned them.

Conf. Comm. Rep. No. 146-16, in 2016 House Journal, at 1410 (emphasis added).[21]

With this in mind, we address the convictions at issue in Guity's HRS Chapter 661B petition.

**B.    The Circuit Court erred by dismissing Guity's petition with respect to the Family Court Case.**

Guity pleaded guilty to, was convicted of, and was imprisoned for 12 months for, Sexual Assault in the Third Degree, in violation of former HRS § 707-732(1)(f) (Supp. 2009).  The statute provided, in relevant part:

> (1)    A person commits the offense of sexual assault in the third degree if:
>
> . . . .
>
> (f)    The person knowingly, by strong compulsion, has **sexual contact** with another person or causes another person to have sexual contact with the actor.

---

[21]    Available at https://www.capitol.hawaii.gov/sessions/session2016/CommReports/HB1046_CD1_CCR1416-16_.pdf.

(Emphasis added.)   When Guity was convicted, "sexual contact" meant:

> any touching, other than acts of "sexual penetration", [sic] of the sexual or other intimate parts **of a person not married to the actor**, or of the sexual or other intimate parts of the actor by the person, whether directly or through the clothing or other material intended to cover the sexual or other intimate parts.

HRS § 707-700 (Supp. 2009) (emphasis added).

The complainant in the Family Court Case was Guity's wife.   In <u>Guity I</u> we stated:

> Under the law applicable to the charges in Guity's cases, the offense of third-degree sexual assault to which Guity pleaded guilty could not be committed by a defendant against his or her spouse. . . .   Accordingly, given the Legislature's definition of the offense, Guity pleaded guilty to an offense — third-degree sexual assault against his wife — that was **legally impossible** for Guity to commit.

2016 WL 6427681, at *1 (emphasis added).   We also noted:

> Here, the Circuit Court clearly violated [Hawaiʻi Rules of Penal Procedure] Rule 11(g) in entering judgment on Guity's plea of guilty to third-degree sexual assault of his wife.   Not only did the Circuit Court and the parties know that there was **no factual basis** for Guity's guilty plea to third-degree sexual assault, but they affirmatively knew that it was **legally impossible** for Guity to have committed this offense. . . .
>
> . . . [A] court's acceptance of, and entry of judgment on, a guilty plea to an offense that it knows the defendant could not legally commit **implicates the integrity of the judicial system**.   We conclude that allowing such action by a court would be contrary to the truth-seeking function of the criminal justice system and would serve to **undermine the integrity of the system and public confidence in the system**.

<u>Id.</u> at *7-8 (emphasis added).   Accordingly, we vacated Guity's conviction in the Family Court Case.

The supreme court also stated, in <u>Guity II</u>:

> At the time of the plea agreement, it was **legally impossible** for Guity to have committed the crime to which he had pleaded guilty in the family court case relating to his wife. . . .

16

. . . .

> The ICA held correctly that Guity was entitled to withdraw his guilty plea in the family court case because "the Circuit Court definitively knew that it was *legally impossible* for Guity to have committed third-degree sexual assault of his wife[.]"

144 Hawaiʻi at 559, 562-63, 445 P.3d at 140, 143-44 (emphasis added).

The State argues that the court decision reversing or vacating a conviction must contain the precise words, "actually innocent," because HRS § 661B-1(b)(1) requires that "the court decision so state[]."  Were that the case, any court could subvert an actually innocent person's standing to make a claim for redress by simply omitting the words "actually innocent" from its decision.  That result would be absurd.  See Barker, 153 Hawaiʻi at 149 n.8, 528 P.3d at 222 n.8 (noting that "if a literal construction of statutory language would produce an absurd result, we presume that result was not intended and construe the statute in accord with its underlying legislative intent" (cleaned up)).

Neither Guity I nor Guity II contained the words "actually innocent."  However, Guity I states there was no factual basis (because the complaining witness was Guity's wife) or legal basis (because the definition of "sexual contact" excluded contact with the defendant's spouse) for Guity's conviction.  And Guity II noted it was legally impossible for Guity to have committed the offense to which he pleaded guilty in the Family Court Case.  Given the undisputed facts in the Family

17

Court Case, that was the equivalent of stating that Guity was actually innocent of the crime for which he had been convicted — Sexual Assault in the Third Degree of his wife. Accordingly, we hold that Guity's petition met the pleading requirements of HRS § 661B-1(b)(1) with respect to the Family Court Case,[22] and that the Circuit Court erred by dismissing Guity's petition with respect to the Family Court Case.[23]

> **C.** **The Circuit Court did not err by dismissing Guity's petition with respect to the Circuit Court Case.**

In the Circuit Court Case, Guity pleaded guilty to Sexual Assault in the Second Degree, in violation of HRS § 707-731(1)(a) (Supp. 2009). The trial court denied Guity's motion to withdraw his guilty plea. Guity had represented himself at the hearing on the motion. In Guity I we held that the trial court failed to obtain a valid waiver of Guity's right to counsel before the hearing. 2016 WL 6427681, at *8-9. We remanded to the trial court for further proceedings. Nothing in our memorandum opinion can reasonably be interpreted as stating that Guity was actually innocent of Sexual Assault in the Second Degree.

In Guity II the supreme court noted that our "remand instructions require the [trial] court to rehear the motion to

---

[22] We express no opinion on whether, or how, HRS § 661B-3(b) should be applied on remand, or whether Guity is entitled to redress under HRS § 661B-3(c). This opinion addresses only the propriety of the Circuit Court's order granting the State's motion to dismiss.

[23] Our holding is limited to the specific facts of this case.

withdraw the plea, leaving the possibility open that the [trial] court could deny Guity's motion to withdraw the remaining plea." 144 Hawaiʻi at 561, 445 P.3d at 142. The supreme court held that Guity's plea agreement "was clearly a global plea agreement[,]" id. at 562, 445 P.3d at 143, and "because Guity was entitled to withdraw his plea in the family court case, he was also entitled to withdraw his plea in the circuit court case[,]" id. at 563, 445 P.3d at 144. The supreme court remanded "with instructions to accept Guity's withdrawal of both pleas and for further proceedings consistent with this opinion." Id. at 563-64, 445 P.3d at 144-45. Nothing in the supreme court's opinion can reasonably be interpreted as stating that Guity was actually innocent of Sexual Assault in the Second Degree.

On remand Guity moved to dismiss all six counts because of defects in the indictment. The trial court granted the motion because the indictment failed "to define or specify 'compulsion' as defined in HRS § 707-700[.]" The dismissal was "with prejudice, as the State can no longer prosecute the case due to lack of contact with the complainant." Nothing in the trial court's order can reasonably be interpreted as stating that Guity was actually innocent of Sexual Assault in the Second Degree — or any other counts of the indictment. We also note that HRS § 661B-1(b)(1) requires that "the court decision" that "reversed or vacated" the "judgment of conviction" state that the petitioner was "actually innocent of the crimes for which the petitioner was convicted[.]" The trial court's order dismissing

19

the indictment did not reverse or vacate Guity's judgment of conviction.  It could not be relied on as the decision stating that Guity was actually innocent for purposes of HRS § 661B-1(b)(1).

On this record, Guity's petition did not — and could not — satisfy the pleading requirements of HRS § 661B-1(b)(1) with respect to the Circuit Court Case.  The Circuit Court did not err by dismissing Guity's petition with respect to the Circuit Court Case.

## IV. CONCLUSION

For the reasons explained above, we vacate the Circuit Court's "Judgment" entered on December 15, 2021; and vacate in part the Circuit Court's "Order Granting Defendant State of Hawaii's Motion to Dismiss, or in the Alternative, for Summary Judgment, Filed August 17, 2021[,]" entered on October 27, 2021, to the extent it dismissed Guity's petition with respect to his conviction in the Family Court Case, but affirm that order to the extent it dismissed Guity's petition with respect to his conviction in the Circuit Court Case.  We remand to the Circuit Court for further proceedings consistent with this opinion.

On the briefs:                          /s/ Lisa M. Ginoza
                                        Chief Judge
Walter N. Guity,
Self-represented                        /s/ Keith K. Hiraoka
Petitioner-Appellant.                   Associate Judge

Ewan C. Rayner,                         /s/ Clyde J. Wadsworth
Deputy Solicitor General,               Associate Judge
State of Hawaiʻi,
for Respondent-Appellee.