**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000302
23-JUL-2024
07:53 AM
Dkt. 78 SO**

NO. CAAP-20-0000302

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

GABI KIM COLLINS, Plaintiff-Appellant, v. BANK OF AMERICA, N.A.;
PUU HELEAKALA COMMUNITY ASSOCIATION, Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE
CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE
GOVERNMENTAL ENTITIES 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC161000595)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

Self-represented Plaintiff-Appellant Gabi Kim **Collins** appeals from the **Final Judgment** for Defendant-Appellee Bank of America, N.A. (**BANA**) entered by the Circuit Court of the First Circuit on January 14, 2020.[1] Collins challenges the circuit court's **(1)** order granting BANA's motion for judgment on the pleadings (**MJOP**) and **(2)** failure to take judicial notice.[2] We affirm.

---

[1] The Honorable John M. Tonaki presided.

[2] Collins appears to also seek some ambiguous relief against Puu Heleakala Community **Association**. The circuit court entered a Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 54(b)-certified final judgment in favor of the Association on March 24, 2017. Collins did not timely appeal from that judgment. We lack jurisdiction over any relief Collins may seek against the Association in this appeal.

**(1)** We review the order granting BANA's MJOP de novo. Adkins v. Fischer, 152 Hawaiʻi 79, 85, 520 P.3d 277, 283 (App. 2022). We view the facts alleged in Collins's complaint, and the inferences to be drawn from them, in the light most favorable to Collins. Id. But we are not required to accept conclusory allegations on the legal effect of the events alleged. See Kealoha v. Machado, 131 Hawaiʻi 62, 74, 315 P.3d 213, 225 (2013) (concerning HRCP Rule 12(b)(6) motion to dismiss).

Collins argues that the circuit court erred by not converting BANA's MJOP to one for summary judgment. The MJOP included a number of exhibits: the docket sheet and documents filed in BANA's **Foreclosure Action** against Thomas Webb, **About Time** Acquisitions LLC, and the Association; Collins's notice of appeal from the Foreclosure Action; and our **Summary Disposition Order** in Bank of Am., N.A. v. Webb, No. CAAP-16-0000469, 2019 WL 1785047 (Haw. App. Apr. 24, 2019) (SDO), which partially vacated the writ of possession in the Foreclosure Action. Those court records could be judicially noticed without converting the MJOP into a motion for summary judgment. Guity v. State, 153 Hawaiʻi 368, 372, 538 P.3d 780, 784 (App. 2023).

Collins's complaint collaterally attacked BANA's Foreclosure Action. It alleged that BANA violated Hawaii Revised Statutes (**HRS**) Chapter 480, the federal Fair Debt Collection Practices Act, and "HRCP Rule [sic] 17(a) and 19(a)[.]" It sought to vacate the foreclosure sale and to "[r]ecover possession of the [foreclosed] property to Gabi Collins and to recover the income belonging to Collins that was confiscated by the Commissioner, and to reconfirm title in the name of Gabi Collins."

In addition to the court records attached to BANA's MJOP, we take judicial notice under Hawaii Rules of Evidence (**HRE**) Rule 201 (2016) that BANA filed the Foreclosure Action on April 12, 2012. Collins wasn't named as a defendant. Her motions to intervene were denied. Webb, 2019 WL 1785047, at *2. A judgment of foreclosure was entered on December 29, 2014. A

judgment confirming the foreclosure sale was entered on April 28, 2016. No party to the Foreclosure Action appealed from the judgment of foreclosure or the judgment confirming sale. Those judgments are final and not subject to appeal.

BANA filed a *lis pendens* in the Foreclosure Action on April 12, 2012. Collins acquired her interest in the Property from About Time on November 26, 2014, subject to the *lis pendens*. The *lis pendens* notified Collins that any interest she acquired in the Property would be subject to the circuit court's decision. Knauer v. Foote, 101 Hawaiʻi 81, 87, 63 P.3d 389, 395 (2003). The *lis pendens* didn't prevent title from passing to Collins, but caused Collins to take the property subject to any judgment rendered in the Foreclosure Action against About Time. S. Utsunomiya Enters., Inc. v. Moomuku Country Club, 75 Haw. 480, 502, 866 P.2d 951, 963 (1994). Accordingly, Collins's claims of title to, and for possession of, the foreclosed property are subject to the judgments in the Foreclosure Action. Those judgments are final. They are binding on Collins.

Collins, as About Time's quit-claim grantee, is in privity with About Time. She is precluded by the doctrine of claim preclusion (res judicata) from relitigating any claim that was, or could have been, litigated in the Foreclosure Action. Bremer v. Weeks, 104 Hawaiʻi 43, 53-54, 85 P.3d 150, 160-61 (2004). She is precluded by the doctrine of issue preclusion (collateral estoppel) from relitigating any issue that was litigated and decided in the Foreclosure Action. Id.

Collins argues she should have been allowed to recover possession of the foreclosed property because our Summary Disposition Order vacated the writ of possession entered in the Foreclosure Action. We only vacated the writ of possession "to the extent that it names non-party Collins in her personal capacity" because Collins was not a party to the Foreclosure Action. Webb, 2019 WL 1785047, at *3. We otherwise dismissed Collins's appeal; we did not rule that Collins had a right to possess the foreclosed property.

**(2)** Collins asked the circuit court to take judicial notice of the oath of office taken by the presiding judge. Her statement of the points on appeal identifies the circuit court's "failure to address mandatory judicial notice." But she presents no argument on the point. It is waived. Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7) ("Points not argued may be deemed waived.").

The circuit court did not err by granting BANA's MJOP. The Final Judgment entered by the circuit court on January 14, 2020, is affirmed.

DATED: Honolulu, Hawaiʻi, July 23, 2024.

On the briefs:

Gabi Kim Collins,
Self-represented
Plaintiff-Appellant.

Ronald I. Heller,
for Defendant-Appellee
Puu Heleakala Community
Association.

Patricia J. McHenry,
for Defendant-Appellee
Bank of America, N.A.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge