***NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER***

**Electronically Filed
Supreme Court
SCWC-21-0000531
31-MAR-2025
09:43 AM
Dkt. 47 SO**

SCWC-21-0000531

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

WALTER N. GUITY,
Petitioner/Petitioner-Appellant,

vs.

STATE OF HAWAI'I,
Respondent/Respondent-Appellee.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-21-0000531; CIVIL NO. 1CCV-21-0000629)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., McKenna, Eddins, and Devens, JJ.,
and Circuit Judge Cataldo in place of Ginoza, J., recused)

Petitioner Walter N. Guity filed a petition in the

Circuit Court of the First Circuit (circuit court) under Hawai'i

Revised Statutes (HRS) chapter 661B (2016) for redress for

wrongful conviction and imprisonment related to two vacated

convictions of sexual assault. The circuit court,[1] upon a motion

from the Respondent State of Hawai'i, dismissed Guity's petition

as to both convictions. Guity appealed, and the Intermediate

_____

[1] The Honorable Jeffrey P. Crabtree presided.

Court of Appeals (ICA) held that "Guity's petition satisfied the pleading requirements of HRS § 661B-1(b)(1) as to one of his convictions, but not the other." Guity v. State, 153 Hawai'i 368, 370, 538 P.3d 780, 782 (App. 2023) (Guity III). At the time of Guity's application for writ of certiorari, this court had not yet adjudicated the pleading requirements of HRS § 661B-1(b)(1) (2016). Having recently done so in Jardine v. State, 155 Hawai'i 60, 556 P.3d 406 (2024), we now affirm the ICA's holding in the instant case.

On May 18, 2011, Guity entered a global plea agreement in the circuit court related to criminal charges in two separate cases, one in the family district court (family court case) and the other in the circuit court (circuit court case). The charges in the two cases arose from separate incidents of alleged sexual assault. The facts in the underlying criminal cases are recited in State v. Guity, 139 Hawai'i 272, 398 P.3d 901, 2016 WL 6427681, at *2 (App. Oct. 31, 2016) (mem. op.) (Guity I) and State v. Guity, 144 Hawai'i 557, 445 P.3d 138 (2019) (Guity II).

As part of the plea agreement, Guity pleaded guilty to second-degree sexual assault in the circuit court case and third-degree sexual assault in the family court case. Guity II, 144 Hawai'i at 559, 445 P.3d at 140. The complaining witness in the family court case was Guity's spouse. Id. at 558-59,

2

445 P.3d at 139-40. At the time of Guity's guilty plea, an offense against one's spouse was expressly excluded from the offense of third-degree sexual assault. See HRS § 707-732(1)(f) (Supp. 2009); HRS § 707-700 (Supp. 2009). Thus, it was legally impossible for Guity to have committed the offense to which he pleaded guilty in the family court case. Guity I, 2016 WL 6427681, at *8.

Subsequent to his plea, Guity became dissatisfied with his attorney, who ultimately withdrew as Guity's counsel. Guity II, 144 Hawai'i at 559, 445 P.3d at 140. Proceeding pro se before the circuit court, Guity orally moved to withdraw his guilty pleas in both cases. Id. The circuit court denied Guity's motion and, pursuant to the plea agreement, sentenced him to concurrent terms of twelve months of imprisonment in the family court case and eighteen months of imprisonment in the circuit court case. Id. at 560, 445 P.3d at 141.

Guity appealed his convictions. This court held that Guity should have been allowed to withdraw his guilty plea in the family court case because "the Circuit Court definitively knew that it was legally impossible for Guity to have committed" the offense of third-degree sexual assault against his spouse. Id. at 562-63, 445 P.3d at 143-44 (citation omitted). Further, because the pleas in both cases were part of a single agreement, we held that Guity "was entitled to withdraw his plea in the

3

circuit court case." Id. at 563, 445 P.3d at 144. Accordingly, we remanded to the circuit court for further proceedings with instructions to accept Guity's withdrawal of both pleas. Id. at 563-64, 445 P.3d at 144-45. By that time, however, Guity had already served the entirety of his concurrent sentence. Both cases were ultimately dismissed on remand. Guity III, 153 Hawai'i at 370-71, 538 P.3d at 782-83.

On May 14, 2021, Guity filed a civil petition in circuit court seeking redress for wrongful conviction and imprisonment under HRS chapter 661B. The State moved to dismiss his petition on the grounds that Guity failed to meet the pleading requirements of HRS § 661B-1(b)(1), which require a petitioner to allege that they were "actually innocent" of the crimes for which they were convicted.[2] The circuit court granted the State's motion to dismiss. Guity appealed.

---

[2] HRS § 661B-1(b) provides:

(b) To present an actionable claim against the State for wrongful conviction and imprisonment, the petitioner shall allege that the petitioner was convicted of one or more crimes under the laws of the State, was subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence and either that:
(1) The judgment of conviction was reversed or vacated because the petitioner was actually innocent of the crimes for which the petitioner was convicted, and the court decision so states; or
(2) The petitioner was pardoned because the petitioner was actually innocent of the crimes for which the petitioner was convicted and the pardon so states.

(Emphasis added).

4

On appeal, the ICA held that Guity's petition satisfied the pleading requirements as to the family court case but not the circuit court case. Guity III, 153 Hawai'i at 376-77, 538 P.3d at 788-89. Reviewing the appellate court decisions that had vacated Guity's family court conviction, the ICA acknowledged that Guity I stated "there was no factual basis (because the complaining witness was Guity's wife) or legal basis (because the definition of 'sexual contact' excluded contact with the defendant's spouse) for Guity's conviction." Id. at 376, 538 P.3d at 788. Further, Guity II "noted it was legally impossible for Guity to have committed the offense to which he pleaded guilty in the Family Court Case." Id. Read in conjunction with the requirements of HRS § 661B-1(b)(1), the ICA held that these pronouncements were equivalent to a statement that Guity was "actually innocent." Id.

The same was not true in the circuit court case, where the complainant was someone other than Guity's spouse. There, Guity's conviction was vacated on a purely procedural issue: he should have been able to withdraw his guilty plea. Guity II, 144 Hawai'i at 563, 445 P.3d at 144. On remand, the circuit court case was dismissed with prejudice because of defects in the indictment and the State's lack of contact with the complainant. Guity III, 153 Hawai'i at 377, 538 P.3d at 789. Accordingly, the ICA concluded that nothing in the supreme

5

court's opinion or circuit court's subsequent order could be reasonably interpreted as a statement of Guity's actual innocence. Id. Thus, neither of those decisions could "be relied on as the decision stating that Guity was actually innocent for the purposes of HRS § 661B-1(b)(1)." Id.

Guity filed the instant application for certiorari on December 8, 2023.[3] At the time of his filing, this court had not yet adjudicated the meaning of "actual innocence." We have now done so through Jardine v. State, 155 Hawai'i 60, 556 P.3d 406 (2024). In Jardine, we wrote:

> We agree with the ICA's reasoning in Guity v. State, 153 Hawai'i 368, 376, 538 P.3d 780, 788 (App. 2023) that the words "actual innocence" need not appear in the order reversing or vacating a petitioner's conviction for a petitioner to survive summary judgment as to their eligibility for relief under HRS § 661B-1(b)(1).

Id. at 70, 556 P.3d at 416.

We further held that under HRS § 661B-1, "a petitioner must show that their conviction was vacated based on evidence of

---

[3] Guity filed an initial application for writ of certiorari on November 13, 2023, before the ICA had entered its judgment on appeal. We dismissed that application without prejudice to re-filing pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rule 40.1 (eff. 2023).

We also note that Guity's instant application is not compliant with the content requirements of HRAP Rule 40.1(d), and a strict application of that rule would require that Guity's application be disregarded. However, "we believe that pro se litigants should not automatically have their access to appellate review in this court foreclosed because of failure to conform to requirements of the procedural rules." Erum v. Llego, 147 Hawai'i 368, 381, 465 P.3d 815, 828 (2020). Further, this court "has long adhered to the policy of affording litigants the opportunity to be heard on the merits whenever possible[,]" and is "obligated to interpret applications for certiorari liberally in order to facilitate access to justice." Id. at 380-81, 465 P.3d 827-28 (citing Morgan v. Plan. Dep't, 104 Hawai'i 173, 180-81, 86 P.3d 982, 989-90 (2004); Waltrip v. TS Enters., Inc., 140 Hawai'i 226, 240, 398 P.3d 815, 829 (2016)).

innocence, rather than a technical or procedural issue." Id. at 73, 556 P.3d at 419.

Consistent with the discussion above and our opinion in Jardine, we conclude that Guity's petition met the pleading requirements of HRS § 661B-1(b)(1) with respect to the family court case but failed to do so with respect to the circuit court case. We therefore affirm the ICA's November 14, 2023 Judgment on Appeal and remand the case to the circuit court for further proceedings consistent with this order.

DATED: Honolulu, Hawai'i, March 31, 2025.

| | |
|---|---|
| Walter N. Guity | /s/ Mark E. Recktenwald |
| self-represented petitioner/ plaintiff-appellant | /s/ Sabrina S. McKenna |
| Ewan C. Rayner Deputy Solicitor General | /s/ Todd W. Eddins |
| Amanda J. Weston Lee Ying Kwok | /s/ Vladimir P. Devens |
| Deputy Attorneys General for respondent/defendant- appellee | /s/ Lisa W. Cataldo |

