**FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000719
26-JAN-2024
08:13 AM
Dkt. 61 OP

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---o0o---

IN THE INTEREST OF AG1 AND AG2

NO. CAAP-22-0000719

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-S NO. 22-0069)

JANUARY 26, 2024

HIRAOKA, PRESIDING JUDGE, NAKASONE AND MCCULLEN, JJ.

OPINION OF THE COURT BY HIRAOKA, J.

This case concerns the Child Protective Act, Hawaii Revised Statutes (**HRS**) Chapter 587A.  We must decide whether a biological parent whose parental rights have been terminated under HRS § 587A-33 must be summoned if another petition about the child is later filed in the family court.  We hold that HRS § 587A-13 does not require that a parent whose parental rights have been terminated be summoned if a subsequent petition concerning the child is filed.

## I. BACKGROUND

**Mother** and **Father** (collectively, the **Parents**) are the biological parents of AG1 and AG2 (**Children**). Parents' parental rights in Children were terminated on March 29, 2019. The order terminating Parents' parental rights stated:

> 13     Pursuant to HRS § 587A-33(b)(5)[1] [Mother] and [Father] are excluded from participating in adoption or other subsequent proceedings and he/she/they shall not be noticed of future hearings and he/she/they shall not appear at future hearings unless he/she/they receive further legal notice requiring such appearance[.]

The state Department of Human Services (**DHS**) was granted permanent custody of Children. Children were placed with a **Guardian**.

On July 27, 2022 (after Parents' parental rights were terminated), DHS filed a **Petition** for temporary foster custody of AG1 and family supervision of AG2. The Petition alleged that Guardian had physically abused AG1. DHS also reported threatened abuse of AG2. Guardian and Parents were summoned to appear before the Family Court of the Third Circuit. The Family Court

---

1     HRS § 587A-33 (2018) provides, in relevant part:

> (b)    If the court determines that the criteria [for terminating parental rights] set forth in subsection (a) are established by clear and convincing evidence and the goal of the permanent plan is for the child to be adopted or remain in permanent custody, the court shall order:
>
>    . . . .
>
> (5)    The entry of any other orders the court deems to be in the best interests of the child, including restricting or excluding unnecessary parties from participating in adoption or other subsequent proceedings.

appointed the Legal Aid Society of Hawaiʻi (**LASH**) to be Children's guardian ad litem.

On September 7, 2022, LASH moved to dismiss Parents or exclude them from the proceeding. The Family Court denied the motion.[2] LASH moved for reconsideration. The Family Court denied reconsideration and entered findings of fact and conclusions of law. The court concluded:

> 4. Even though [Father]'s and [Mother]'s parental rights regarding the Subject Children were terminated . . . pursuant to HRS § 587A-33, they are nevertheless entitled to notice in this . . . case pursuant to HRS § 587A-13.
>
> 5. Even though [Father]'s and [Mother]'s parental rights regarding the Subject Children were terminated . . . pursuant to HRS § 587A-33, they are nevertheless entitled to participate in this matter because each received a summons requiring their appearances, and each of them is a "parent" and "party" as those terms are defined in HRS § 587A-4.
>
> 6. The statutory language and definitions set forth in HRS §§ 587A-4 and 587A-13 control as to whether [Father] and [Mother] are entitled to notice of and the right to participate as parties in this case. Accordingly, the Court declines to engage in any further analysis of the other arguments presented by [LASH], including whether the inclusion of [Father] and [Mother] as parties to this case is in the Subject Children's best interests under HRS § 571-46(b).

The Family Court let LASH file this interlocutory appeal. LASH argues that the Family Court erred by denying the motion to dismiss Parents or exclude them from the proceeding.

## II. STANDARD OF REVIEW

Interpretation of a statute is a question of law we review de novo. Barker v. Young, 153 Hawaiʻi 144, 148, 528 P.3d 217, 221 (2023). We start with the statute's language; "implicit

---

[2] The Honorable Jeffrey W. Ng presided.

in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself." Id. (citation omitted). But "when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, . . . the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning." Id. (cleaned up). "The legislature is presumed not to intend an absurd result, and legislation will be construed to avoid, if possible, inconsistency, contradiction, and illogicality." State v. Vliet, 91 Hawaiʻi 288, 294, 983 P.2d 189, 195 (1999) (cleaned up).

## III. DISCUSSION

The Family Court relied on HRS §§ 587A-4 and -13 to conclude that Mother and Father were "entitled to notice of and the right to participate as parties in this case." HRS § 587A-13 (2018) provides:

> (a) After a petition has been filed, the court shall issue a summons requiring the presence of the parents and other persons to be parties to the proceeding except the child, as follows:
>
> . . . .
>
> (3) The summons shall state: "YOUR PARENTAL AND CUSTODIAL DUTIES AND RIGHTS CONCERNING THE CHILD OR CHILDREN WHO ARE THE SUBJECT OF THE ATTACHED PETITION MAY BE TERMINATED IF YOU FAIL TO APPEAR ON THE DATE SET FORTH IN THIS SUMMONS."

4

> HRS § 587A-4 (2018) provides:
>
> As used in this chapter, **_unless the context clearly indicates otherwise_**:
>
> . . . .
>
> "Parent" means any legal parent of a child; the **_birth mother_**, unless the child has been legally adopted; the adjudicated, presumed, or concerned **_birth father_** of the child as provided in section 578-2(a)(5), **_unless the child has been legally adopted_**; or the legal guardians or any other legal custodians of the child.
>
> "Party" means an authorized agency; a child who is subject to a proceeding under this chapter; **_the child's parents_** and guardian ad litem; any other person who is alleged in the petition or who is subsequently found at any child protective proceeding to be encouraging, causing, or contributing to the acts or conditions that brought the child within the scope of this chapter; and may include any other person, including the child's current foster parent or current resource family, if the court finds that such person's participation is in the best interest of the child; provided that the court may limit a party's right to participate in any child protective proceeding if the court deems such limitation of such party's participation to be consistent with the best interests of the child and such party is not a family member who is required to be summoned pursuant to section 587A-13, except as otherwise provided in this chapter.

(Emphasis added.)

DHS contends that the plain language of HRS § 587A-13 requires that notice be given to all "parents," defined by HRS § 587A-4 to include the birth mother and birth father unless the child has been legally adopted, even if their parental rights have been terminated. HRS § 587A-4 defines "parents" as the child's birth mother and birth father, "_unless the context clearly indicates otherwise_[.]" (Emphasis added.)

We hold that the context of HRS § 587A-13 does not require that birth parents whose parental rights have been terminated be summoned in further proceedings concerning the child. The statute states that if a summoned parent fails to

appear at the proceeding for which the summons was issued, the parent's parental rights may be terminated.  For a birth parent whose parental rights have been terminated, the sanction means nothing, is inconsistent with and contradicts the order terminating parental rights, and is illogical.  See Vliet, 91 Hawai'i at 294, 983 P.2d at 195.  Parents' parental rights in Children were terminated before DHS filed the Petition.  DHS was not required by HRS § 587A-13 to issue summons to Parents, who had no right to participate in the proceeding (unless and until their parental rights are reinstated by the Family Court).

## IV. CONCLUSION

For these reasons: (1) the "Orders Concerning Child Protective Act[,]" entered on October 13, 2022, are vacated in part to the extent they deny LASH's motion to dismiss or exclude Parents; (2) the "Order Denying in Part and Granting in Part Guardian Ad Litem's Motion for Reconsideration and/or Relief from Orders Concerning Child Protective Act[,]" entered on November 1, 2022, is vacated in part to the extent it denies LASH's motion for reconsideration; and (3) the "Findings of Fact and Conclusions of Law Regarding Guardian Ad Litem's Motion to Dismiss and/or Exclude [Parents][,]" entered on November 7, 2022,

6

is vacated.  This case is remanded to the Family Court for

further proceedings consistent with this opinion.


On the briefs:                          /s/ Keith K. Hiraoka
                                        Presiding Judge
Scott K.D. Shishido,
Jessica C.M. Uchida,                    /s/ Karen T. Nakasone
for Legal Aid Society of                Associate Judge
Hawai'i, Guardian Ad Litem-
Appellant for Minor Children.           /s/ Sonja M.P. McCullen
                                        Associate Judge
Julio C. Herrera,
Patrick A. Pascual,
Kellie M. Kersten,
Kenneth G. Goodenow,
Deputy Attorneys General,
State of Hawai'i,
for Petitioner-Appellee
The Department of Human Services.