**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000061
29-FEB-2024
07:57 AM
Dkt. 64 SO**

NO. CAAP-18-0000061

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CITY AND COUNTY OF HONOLULU, Appellant-Appellant,
v.
DEPARTMENT OF HEALTH, STATE OF HAWAIʻI,
Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC161002123)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

In this secondary appeal, Appellant-Appellant City & County of Honolulu (**City**) appeals from the (1) August 2, 2017 "Order Vacating Permit Stay, Affirming Permit Issuance Before Contested Case, and Denying All Relief Sought by the City" (**Order Affirming Permit**); and (2) January 3, 2018 Judgment, both filed and entered by the Environmental Court of the First

Circuit (**Environmental Court**) in favor of Appellee-Appellee Department of Health, State of Hawaiʻi (**DOH**).[1]

The underlying appeal arises out of the City's application to DOH for renewal of its five-year National Pollution Discharge Elimination System (**NPDES**) permit to discharge treated wastewater from the Waianae Wastewater Treatment Plant (**Waianae Plant**) into the ocean, under Hawaii Revised Statutes (**HRS**) HRS § 342D-6(c).[2]  The parties dispute

---

[1]     The Honorable Jeannette H. Castagnetti filed the August 2, 2017 order, and the Honorable Jeffrey P. Crabtree entered the January 3, 2018 judgment.

[2]     HRS Chapter 342D deals with "Water Pollution," and charges the DOH director with the duty to "prevent, control, and abate water pollution in the State . . . ."  HRS § 342D-4 (2010).  HRS § 342D-6 (2014) sets forth the procedures for issuance of water pollution permits and provides in pertinent part:

> **§ 342D-6. Permits; procedures for**
>
> . . . .
>
> (c) The director shall issue a permit for any term, not exceeding five years, if the director determines that it will be in the public interest; provided that the permit may be subject to any reasonable conditions that the director may prescribe. . . . The director, on application, shall renew a permit from time to time for a term not exceeding five years, if the director determines that it will be in the public interest. The director shall not grant or deny an application for the issuance or renewal of a permit without affording the applicant and any person who commented on the proposed permit during the public comment period an opportunity for a hearing in accordance with chapter 91. A request for a hearing and any judicial review of the hearing shall not stay the effect of the issuance or renewal of a permit unless specifically ordered by the director or [an] environmental court.
>
> (d) The director, on the director's own motion or the application of any person, may modify, suspend, revoke, or revoke and reissue any water pollution permit if, after affording the permittee an opportunity for a hearing in accordance with chapter 91, the director determines that:
>
> > (1) There is a violation of any condition of the permit;

2

whether this statute allows a permit to be renewed and take effect while the City's requested contested case hearing was still pending, and whether such a practice violated <u>Mauna Kea Anaina Hou v. Bd. of Land and Nat. Res.</u>, 136 Hawaiʻi 376, 363 P.3d 224 (2015).[3]

On appeal, the City challenges certain findings[4] and contends the Environmental Court (1) erroneously interpreted HRS

---

> (2) The permit was obtained by misrepresentation or there was failure to disclose fully all relevant facts;
>
> (3) There is a change in any condition that requires either a temporary or permanent reduction or elimination of the permitted discharge; or
>
> (4) It is in the public interest.
>
> . . . .
>
> (f) The director shall ensure that the public receives notice of each application for a permit to control water pollution. The director may hold a public hearing before ruling on an application for a permit to control water pollution if the director determines the public hearing to be in the public interest. . . .
>
> . . . .
>
> (h) No applicant for a modification or renewal of a permit shall be held in violation of this chapter during the pendency of the applicant's application so long as the applicant acts consistently with the permit previously granted, the application and all plans, specifications, and other information submitted as part thereof.

(Emphasis added.)

[3] In <u>Mauna Kea Anaina Hou</u>, discussed further <u>infra</u>, the Hawaiʻi Supreme Court held that the Board of Land and Natural Resources (**BLNR**) was required to hold a contested case <u>before</u> issuing a permit to construct an observatory in a conservation district. 136 Hawaiʻi at 379, 381, 363 P.3d at 227, 229.

[4] The challenged findings, which we treat as conclusions of law, are as follows:

§ 342D-6(c) to mean that "DOH is not required to hold a contested case hearing prior to permit issuance and may allow permits issued or renewed by the Director to go into effect even if there is a request for a contested case hearing pending before permit issuance"; and (2) erroneously "found that Mauna Kea Anaina Hou was inapplicable" because of "irrelevant factual differences."

Upon review of the record on appeal and relevant legal authorities, giving due consideration to the issues raised and arguments advanced by the parties, we resolve the points of error as follows, and affirm.

The Waianae Plant operated pursuant to a NPDES permit that became effective on June 26, 2011 and expired on April 30, 2016 (**2011 Permit**). Prior to the expiration, on October 30, 2015, the City applied for a renewal of its 2011 Permit. Because DOH could not complete processing for a new permit

---

1. Based on the plain language of the statute, Hawaii Revised Statutes (HRS) §342D-6(c), the intent of the legislature was to allow permits issued or renewed by the Director to go into effect even if there is a request for a contested case hearing.

2. The Director was not required to hold a contested case hearing before issuing the subject permit.

3. The factual and legal circumstances here are distinguishable from those in *Mauna Kea Anaina Hou v. Board of Land and Natural Resources*, 136 Hawaii 376, 363 P. 3d 224 (2015). The Director has a statutory mandate to prevent, control and abate water pollution under HRS §342D-4. This case concerns the Director's prevention, control and abatement of water pollution in coastal waters through the issuance of a permit authorizing the discharge of treated wastewater by the City's wastewater treatment facility. The Director is not here authorizing the development of a project on State conservation land that may affect constitutionally protected Native Hawaiian traditional and customary rights.

before the expiration date, DOH extended the expiration date of the 2011 Permit pending the renewal process.

On June 14, 2016, DOH provided the City with a public notice of a proposed draft permit and fact sheet, requesting the City to publish the notice in the Honolulu Star Advertiser for a 30-day public comment period.  The draft permit included more stringent limitations for certain types of pollutants than the 2011 Permit.

On July 22, 2016, the City submitted comments objecting to the stricter limitations, requested a contested case hearing, and argued that the contested case had to be held "before" a final permit could be issued per Mauna Kea Anaina Hou.  The record reflects the parties agreed to a contested case hearing, and were working to schedule the hearing.

On October 24, 2016, before the contested case hearing was scheduled, DOH issued a "Final Permit" similar to the draft permit in the public notice, to take effect on December 1, 2016 (**2016 Final Permit**).  The 2016 Final Permit included responses to the City's comments.

On October 26, 2016, the City requested DOH stay the effective date of the 2016 Final Permit until the contested case hearing was completed.  DOH denied the stay pursuant to the language in the last sentence in HRS § 342D-6(c) that a request for a hearing "shall not stay the effect of the issuance or renewal of a permit."

On November 18, 2016, the City appealed to the Environmental Court, and on November 23, 2016, the City filed a motion to stay the effect of the 2016 Final Permit pending the appeal.  The Environmental Court granted the stay until determination of the appeal by the Environmental Court.

Following a March 31, 2017 hearing, the Environmental Court vacated the stay and entered the August 2, 2017 Order Affirming Permit that is the subject of this appeal.

In this secondary appeal, we apply the standards of HRS § 91-14(g) to determine whether the Environmental Court's decision was right or wrong. Mauna Kea Anaina Hou, 136 Hawaiʻi at 388, 363 P.3d at 236. Under HRS § 91-14(g), conclusions of law are reviewable under subsections (1), (2), and (4), for whether they were entered "(1) In violation of constitutional or statutory provisions;" or "(2) In excess of the statutory authority or jurisdiction of the agency;" or "(4) Affected by other error of law[.]" Id.

**(1)** The City argues that under HRS § 342D-6(c), DOH was required "to conduct the City's contested case hearing prior to the issuance of the 2016 Final Permit." The parties dispute whether the contested case hearing must be held **before** permit issuance, or may be held **after** permit issuance, based on the last two sentences of subsection (c):

> The director shall not grant or deny an application for the issuance or renewal of a permit without affording the applicant and any person who commented on the proposed permit during the public comment period an opportunity for a hearing in accordance with chapter 91. A request for a hearing and any judicial review of the hearing shall not stay the effect of the issuance or renewal of a permit unless specifically ordered by the director or [an] environmental court.

(Emphases added.) The City argues, based on the second to the last sentence, that DOH must hold the contested case hearing "before final permit issuance," because the last sentence "presumes that the permit has already issued," and "only applies where a request for contested case hearing is made after permit issuance." On the other hand, DOH argues that the second to the last sentence means the permit applicant "must be afforded an

6

opportunity for a hearing[,]" and it "does not mean that a contested case hearing must always be held before" DOH can issue the permit. DOH asserts that the last sentence "demonstrates clear legislative intent to allow the hearing to be held **after** a permit is issued."

"[T]he fundamental starting point for statutory interpretation is the language of the statute itself[,]" and where the language is "plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." Barker v. Young, 153 Hawaiʻi 144, 148, 528 P.3d 217, 221 (2023) (citation omitted). Applied here, the second to the last sentence in subsection (c) means that DOH could not grant the City's application for permit renewal without "affording [the City] . . . an opportunity for a hearing in accordance with chapter 91."[5] The "affording" of "an opportunity for a hearing" must occur prior to a grant or denial of a permit renewal. Because "affording" is not defined, we may "resort to legal or other well accepted dictionaries as one way to determine the ordinary meaning" of a term not statutorily defined. Carmichael v. Board of Land and Nat. Res., 150 Hawaiʻi 547, 568, 506 P.3d 211, 232 (2022) (citation omitted). "Afford" is defined as "to make available," and to "provide naturally or inevitably." *Afford*, Merriam-Webster, https://www.merriam-webster.com/ dictionary/afford (last visited Feb. 1, 2024). It is also defined as "to give" or "furnish." *Afford*, Collins Dictionary, https://www.collinsdictionary.com/us/dictionary/english/afford (last visited Feb. 1, 2024). Thus, "affording . . . an opportunity for a hearing" means the director must be making available, providing, or furnishing "an opportunity for a

---

[5] The parties agree that "a hearing in accordance with chapter 91" is a contested case hearing.

7

hearing" before granting or denying a permit renewal.  This language requires the providing or furnishing of the "opportunity for a hearing" to be in progress, and does not require the hearing to be completed before permit renewal.  Compare HRS § 342D-6(d) (authorizing the director to modify, suspend, or revoke an existing water pollution permit "***after*** affording the permittee an opportunity for a hearing in accordance with chapter 91" (emphasis added)).  Here, the opportunity for a contested case hearing was in the process of being provided, or afforded, by agreement, when the permit renewal was granted.  The last sentence of subsection (c), that a "request for a hearing . . . shall not stay the effect of the issuance or renewal of a permit," applied here, plainly means that the City's permit renewal may be granted and go into effect before the contested case hearing is completed.  That is what occurred in this case, and this sequence, in our view, did not violate the plain language of HRS § 342D-6(c).

While we do not conclude the statute is ambiguous, assuming *arguendo* it is, the *in pari materia* canon confirms our plain reading of the statute.[6]  See Barker, 153 Hawaiʻi at 149,

---

[6]     The legislative history does not clarify the dispute in this case.  Some of the pertinent language at issue here was added in the 1997 amendment to HRS § 342D-6(c), as follows:

> The director shall not grant or deny an application for the issuance or renewal of a permit without affording the applicant and any person who commented on the proposed permit during the public comment period an opportunity for a hearing in accordance with chapter 91. A request for a hearing, a hearing, [sic] and any judicial review of the hearing shall not stay the effect of the issuance or renewal of a permit unless specifically ordered by the director or a court.

(Additions underscored.)  The legislature's purpose for the amendment was to make the statute "consistent with federal regulations," and to:

528 P.3d at 222. Statutes "in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called in aid to explain what is doubtful in another." Richardson v. City and Cnty. of Honolulu, 76 Hawaiʻi 46, 55, 868 P.2d 1193, 1202 (1994) (citations and internal quotation marks omitted); see HRS § 1-16. The very next subsection, HRS § 342D-6(d), provides that the director may "modify, suspend, revoke, or revoke and reissue any water pollution permit . . . **after** affording the permittee an opportunity for a hearing in accordance with chapter 91[.]" (Emphasis added.) Thus, DOH may modify, suspend, or revoke any water pollution permit, only "after" affording an opportunity for a contested case hearing. Reading subsections (c) and (d) together, two distinct time frames are contemplated: the period during which the opportunity for the contested case hearing is being afforded, and the period **after** the opportunity for a contested case hearing has been afforded. See Peer News LLC v. City and Cnty. of Honolulu, 138 Hawaiʻi 53, 67, 376 P.3d 1, 15 (2016) ("[W]here the legislature uses different terms in different parts of a statute, we must presume

---

(1) Prohibit the Director of Health (Director) from granting or denying a water pollution permit without affording any person who commented on the proposed permit during the public comment period, an opportunity for a hearing in accordance with Chapter 91, Hawaii Revised Statutes (HRS);

(2) Specify that a request for a hearing and any judicial review of the hearing will not stay the effect of the permit, unless specifically order by the Director or a court; . . . .

Stand. Comm. Rep. No. 689, in 1997 Senate Journal at 1166 (emphases added). While the legislature amended subsection (c) to afford any persons that commented on the proposed permit an opportunity for a hearing, it did not specify or otherwise indicate when that opportunity should take place.

this was intentional, and that the legislature means two different things." (citation omitted)).  The language of HRS § 342D-6(d) supports our conclusion that the "affording" does not require completion of the contested case.  See id.  We conclude the Circuit Court did not err in its interpretation of HRS § 342D-6(c).  See Mauna Kea Anaina Hou, 136 Hawaiʻi at 388, 363 P.3d at 236.

(2)   The City argues that Mauna Kea Anaina Hou applies here, and requires DOH "to provide the City with a contested case hearing prior to making a final decision."

"A contested case is an agency hearing that 1) is required by law and 2) determines the rights, duties, or privileges of specific parties."  Id. at 390, 363 P.3d at 238 (citations omitted).  "An agency hearing that is required by law may be required by (1) agency rule, (2) statute, or (3) constitutional due process."  Id. (citation and internal quotation marks omitted).  The supreme court held in Mauna Kea Anaina Hou that "a contested case hearing was required as a matter of constitutional due process" in light of the constitutionally protected right to exercise Native Hawaiian customs and traditions.[7]  Id.

Here, the City's right to a contested case hearing, unlike the appellants in Mauna Kea Anaina Hou, is derived from statute -- HRS § 342D-6(c), and is not required by agency rule

---

[7]     The Mauna Kea Anaina Hou court stated:

> The question we must answer is whether the approval of the permit before the contested case hearing was held violated the Hawaiʻi Constitution's guarantee of due process, which provides that, "No person shall be deprived of life, liberty or property without due process of law...." Haw. Const. art. I, § 5. We hold that it did.

Id. at 380, 363 P.3d at 228 (emphasis in original).

or constitutional due process.  See id.  Because the right to the contested case hearing comes solely from the statute, the scope of that right is prescribed by the statute.  As explained above, the language of HRS § 342D-6(c) allows DOH to complete the contested case hearing after the permit is renewed.  The statutory framework that conferred the right to a contested case hearing, concomitantly provides that such hearing "shall not stay the effect" of a renewal of a permit.  We conclude that the Environmental Court did not err in concluding that Mauna Kea Anaina Hou was distinguishable.  See Mauna Kea Anaina Hou, 136 Hawaiʻi at 388, 363 P.3d at 236.

For the foregoing reasons, we affirm the (1) August 2, 2017 "Order Vacating Permit Stay, Affirming Permit Issuance Before Contested Case, and Denying All Relief Sought by the City"; and (2) January 3, 2018 Judgment, both filed and entered by the Environmental Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, February 29, 2024.

On the briefs:

Courtney K. Sue-Ako
Deputy Corporation Counsel
for Appellant-Appellant.

Ewan C. Rayner
Deputy Solicitor General
for Appellee-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

11