**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000261
17-MAY-2024
08:19 AM
Dkt. 108 SO**

NO. CAAP-19-0000261

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LOYALTY DEVELOPMENT COMPANY, LTD., Plaintiff-Appellee,
v.
WALLACE S.J. CHING, individually and in his capacity
as a Director of Loyalty Development Company, Ltd.,
Defendant-Appellant
and
JOHN DOES 1-5; JANE DOES 1-5; DOE PARTNERSHIPS 1-5; DOE
CORPORATIONS 1-5; and DOE ENTITES 1-5, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC161001580)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Wallace S.J. **Ching** appeals from the **Final Judgment**
entered by the Circuit Court of the First Circuit on April 24,
2019.[1]  He challenges the "Findings of Fact, Conclusions of Law
and **Order** Denying Defendant Wallace S.J. Ching's Individually and
in His Capacity as a Director of Loyalty Development Company
Ltd., Motion for Attorneys' Fees and Costs Incurred in Obtaining
Indemnification" entered on February 25, 2019.  We affirm the
Final Judgment, but for reasons other than those articulated in

---

[1]     The Honorable Dean E. Ochiai presided.

the Order.  We affirm conclusion of law E. in the Order,[2] but vacate the findings of fact, conclusions of law, and mixed findings and conclusions that are inconsistent with or contrary to the discussion below.[3]

**Loyalty** Development Company, Ltd. filed a lawsuit (the **DJ Action**) against Ching on August 16, 2016.  The complaint alleged a controversy between Loyalty and Ching, who was one of Loyalty's directors, about whether the **Conflict Clause** in Loyalty's **Articles** of Association was valid.  Loyalty sought declarations that: (1) the Conflict Clause was valid and enforceable; (2) Ching was estopped from arguing that the Conflict Clause or any corporate action implicating it was invalid; and (3) laches barred Ching from challenging the enforceability of the Conflict Clause or any corporate action implicating it.

Ching moved to dismiss the DJ Action.  He argued that "this lawsuit should be dismissed because it does not present an actual case or controversy . . . . Here, [Loyalty] alleges only a difference of opinion among directors.  As a result, [Loyalty]'s complaint calls for an impermissible advisory opinion and should be dismissed for failure to state a claim."  An order dismissing the DJ Action "without prejudice" was entered on December 16, 2016.[4]  Loyalty has not appealed the dismissal.

Ching then asked Loyalty to pay the attorneys fees and costs he incurred to defend against the DJ Action, under the indemnification provision of Loyalty's Articles.  Loyalty

---

[2]     The Order concluded:

> E.    WChing [sic] is entitled to no additional recovery of legal fees and costs over the $177,755.43 that he already has accepted and therefore no recovery pursuant to WChing's Motion [for] Attorneys' Fees and Costs incurred in seeking his indemnity.

[3]     We do so because of the potential for future litigation between the parties in which attempts to assert claim preclusion (res judicata) or issue preclusion (collateral estoppel) could be made.

[4]     The Honorable Edwin C. Nacino presided.

retained **Counsel** to opine on Ching's request, a procedure prescribed by Loyalty's Articles. On February 23, 2018, Loyalty tendered $177,755.43 to Ching based on Counsel's opinion.

On December 19, 2018, Ching moved for an award of the attorneys fees and costs he incurred to obtain indemnification (**fees on fees**). The circuit court made findings and conclusions and entered an order denying Ching's motion on February 25, 2019. The Final Judgment was entered on April 24, 2019. This appeal followed.

Ordinarily, a "trial court's grant or denial of attorneys' fees and costs is reviewed under the abuse of discretion standard." Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawaiʻi 92, 105, 176 P.3d 91, 104 (2008) (quoting Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 113 Hawaiʻi 251, 266, 151 P.3d 732, 747 (2007) (citation omitted)). But in this case Ching contends that he was entitled to fees on fees under: **(1)** Hawaii Revised Statutes (**HRS**) §§ 414-243, -245; and **(2)** article V, paragraph 7 of Loyalty's Articles.

We construe a statute de novo. Barker v. Young, 153 Hawaiʻi 144, 148, 528 P.3d 217, 221 (2023). We start with the statute's language. "[I]mplicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself." Id. We may refer to "extrinsic aids in determining legislative intent, such as legislative history, or the reason and spirit of the law." Id. (citation omitted).

We also review interpretation of the Articles de novo, because "a corporate charter is a contract[,]" Casumpang v. ILWU, Local 142, 94 Hawaiʻi 330, 344, 13 P.3d 1235, 1249 (2000) (citations omitted), and we interpret a contract de novo. Title Guar. Escrow Servs., Inc. v. Wailea Resort Co., 146 Hawaiʻi 34, 46, 456 P.3d 107, 119 (2019). Absent an ambiguity, contract terms are interpreted according to their plain, ordinary, and accepted sense in common speech. Id. (citation omitted).

**(1)** HRS § 414-243 (2004) provides:

> A corporation shall indemnify a director who was wholly successful, on the merits or otherwise, in the defense of any proceeding to which the director was a party because the director was a director of the corporation against reasonable expenses incurred by the director in connection with the proceeding.

Loyalty argues that Ching was not wholly successful on the merits or otherwise. Ching argues he was. We need not decide this issue. Loyalty paid Ching what Counsel opined to be the reasonable expenses Ching incurred to defend against the DJ action. Ching's motion for fees on fees stated, "the issue of the amount owed to Mr. Ching in connection with his attempts to settle and ultimately dismiss the LDC Lawsuit has been resolved and is not at issue here." Ching's opening brief acknowledges he "has already been indemnified for the expenses incurred in the [DJ Action]." The only issue presented by this appeal is whether Ching is entitled to recover fees on fees.

HRS § 414-243 does not speak to fees on fees. HRS Chapter 414 is based on the American Bar Association's Model Business Corporations Act (**Model Act**). See Conf. Comm. Rep. No. 15, in 2000 House Journal, at 850-51. The conference committee reported:

> The purpose of this bill is to modernize the Hawaii Business Corporation Act by replacing chapter 415, Hawaii Revised Statutes, with the 1984 amendments to the Model Business Corporation Act (Model Act). The bill includes technical, nonsubstantive amendments to the newly adopted law for clarity and uniformity with Hawaii's laws, as well as to allow cross-referencing between Hawaii's law and the Model Act.

The official comments to the Model Act are instructive. HRS § 414-243 is materially identical to § 8.52 of the Model Act. The Official Comment to Model Act § 8.52 states, in part:

> Section 8.52 creates a right of indemnification in favor of the director who meets its requirements. Enforcement of this right by judicial proceeding is specifically contemplated by section 8.54(a)(1). Section 8.54(b) gives the director a right to recover

expenses incurred in enforcing the director's right to indemnification under section 8.52.

Model Act § 8.54 is materially identical to HRS § 414-245 (2004), which provides:

(a)   A director who is a party to a proceeding because the director is a director may apply for indemnification . . . to the court conducting the proceeding or to another court of competent jurisdiction.  After receipt of an application and after giving any notice it considers necessary, the court shall:

(1)   Order indemnification if the court determines that the director is entitled to mandatory indemnification under section 414-243[.]

. . . .

(b)   If the court determines that the director is entitled to indemnification under subsection (a)(1) . . . it shall also order the corporation to pay the director's reasonable expenses incurred in connection with obtaining ***court-ordered indemnification*** or advance for expenses.

(Emphasis added.)

Hawaiʻi follows the common law rule that parties must pay their own attorneys fees unless recovery from another party is "authorized by statute, rule of court, agreement, stipulation, or precedent." Fought & Co. v. Steel Eng'g & Erection, Inc., 87 Hawaiʻi 37, 51, 951 P.2d 487, 501 (1998).  Statutes in derogation of common law must be strictly construed. Gold Coast Neighborhood Ass'n v. State, 140 Hawaiʻi 437, 457, 403 P.3d 214, 234 (2017).  HRS § 414-245(b) doesn't apply here.  Loyalty followed the procedure in article V, paragraph 8 of its Articles, retained Counsel to review Ching's claim, and paid Ching what Counsel opined were the reasonable fees and costs Ching incurred to defend against the DJ Action.  No court ordered Loyalty to indemnify Ching.  HRS § 414-245(b) does not apply because the fees and costs sought by Ching were not incurred to obtain *court-ordered* indemnification.

**(2)** Article V, paragraph 7 of Loyalty's Articles provides, in relevant part:

> The corporation shall indemnify each person who was or is a party . . . to any . . . action or suit . . . by reason of the fact that he is or was a director . . . of the corporation, . . . against expenses (including attorneys' fees) actually and reasonably incurred by him in connection with the defense or settlement of such action or suit[.]

We interpret these terms according to their plain, ordinary, and accepted sense in common speech. Title Guar. Escrow Servs., 146 Hawaiʻi at 46, 456 P.3d at 119. They entitle Ching to indemnification for attorneys fees and costs "actually and reasonably incurred by him in connection with the defense or settlement of" the DJ Action. Ching has already been indemnified for these expenses. Article V, paragraph 7 does not address or allow recovery of fees on fees.

Ching relies on Stifel Fin. Corp. v. Cochran, 809 A.2d 555 (Del. 2002). Cochran was an officer and director of a Stifel subsidiary. Stifel terminated him in the midst of a federal investigation. He was later convicted of securities fraud, but a federal appeals court held he had violated no law. He then sued Stifel in state court for indemnification against attorneys fees and costs he incurred to defend the criminal case, and for fees on fees. The trial court dismissed the latter claim. Cochran appealed. The Delaware Supreme Court applied a Delaware statute (8 Del.C. § 145) and held that Cochran was entitled to fees on fees. Delaware has not adopted the Model Act. Stifel is inapposite. Ching cites no other authority supporting his claim for fees on fees.[5]

---

[5] After briefing was completed, the Hawaiʻi Supreme Court held that fees on fees were recoverable under the private attorney general doctrine. Pub. Access Trails Haw. v. Haleakala Ranch Co., 153 Hawaiʻi 1, 29, 526 P.3d 526, 554 (2023). The private attorney general doctrine doesn't apply in this case.

For these reasons, the April 24, 2019 "Final Judgment" is affirmed. Conclusion of law E. in the February 25, 2019 "Findings of Fact, Conclusions of Law and Order Denying Defendant Wallace S.J. Ching's Individually and in His Capacity as a Director of Loyalty Development Company Ltd., Motion for Attorneys' Fees and Costs Incurred in Obtaining Indemnification" is affirmed, but all findings of fact, conclusions of law, and mixed findings and conclusions that are inconsistent with or contrary to this summary disposition order are vacated.

DATED: Honolulu, Hawaiʻi, May 17, 2024.

On the briefs:

Ward Jones,
Edmund K. Saffery,
Deirdre Marie-Iha,
Lauren K. Chun,
for Defendant-Appellant.

Bert T. Kobayashi, Jr.,
Jonathan S. Moore,
Caycie K. Gusman Wong,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge