**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000505**
**08-JUN-2026**
**08:11 AM**
**Dkt. 66 SO**

NO. CAAP-24-0000505

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

US BANK TRUST NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER
TRUSTEE FOR VRMTG ASSET TRUST, Plaintiff-Appellee,
v.
AOAO HALEAKALA GARDENS, Defendant-Appellant;
CYNTHIA D. SMITH; TROY T. SMITH; and
HALEAKALA GARDENS – PHASE II, Defendants-Appellees,
and DOES 1 through 20, Inclusive, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CCV-22-0000149)

## SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Wadsworth and Guidry, JJ.)

Defendant-Appellant AOAO Haleakala Gardens (**AOAO**) appeals from the June 14, 2024 "Order Approving Commissioner's Report and Granting Plaintiff[-Appellee US Bank Trust National Association, Not in Its Individual Capacity but Solely as Owner Trustee for VRMTG Asset Trust's (**US Bank**)] Motion for

Confirmation of Foreclosure Sale, Allowance of Costs, Commissions and Fees, Distribution of Proceeds, Directing Conveyance and for Writ of Possession/Ejectments, Filed April 23, 2024" (**Confirmation Order**), the June 14, 2024 "Judgment," and the July 10, 2024 "Order Denying [AOAO's] Non-Hearing Motion for Reconsideration of [Confirmation Order]" (**Order Denying Reconsideration**)," entered by the Circuit Court of the Second Circuit (**circuit court**).[1]

Defendants-Appellees Cynthia and Troy Smith (the **Smiths**) were the owners of a condominium unit at the Haleakala Gardens (**Property**). The Smiths obtained a loan, which was secured by a mortgage on the Property. The mortgage was assigned to US Bank in 2021. The Smiths defaulted on their loan in 2009. The Smiths also stopped paying maintenance fees to the AOAO. On June 18, 2013, the Smiths transferred their property via quitclaim deed to the AOAO to settle their outstanding maintenance fee debt. Upon assuming possession of the Property, the AOAO rented and maintained the Property.

US Bank commenced a judicial foreclosure action in June 2022 and moved for summary judgment in September 2023. On November 1, 2023, the circuit court granted summary judgment in favor of US Bank and appointed a commissioner; the AOAO stopped

---

[1] The Honorable Kelsey T. Kawano presided.

receiving rental income for the Property.  In April 2024, US Bank moved for confirmation of the foreclosure sale of the Property.  In its Confirmation Order, the circuit court ordered an accounting of all rental proceeds collected from the Property from June 2013, when the AOAO acquired possession of the Property, to June 2024, when the circuit court confirmed the foreclosure sale, as well as disbursement of any excess rental proceeds.  The AOAO moved to reconsider, and the circuit court entered its Order Denying Reconsideration.

The AOAO asserts two related points of error on appeal, contending that the circuit court erred by "relying on": (1) "Hawaii Revised Statutes [(**HRS**)] § 514B-146(n) to require the [AOAO] to disburse rental income and provide an accounting accruing from the date of the [AOAO's] ownership of the Property"; and (2) "[Nationstar Mortgage, LLC v. Association of Apartment Owners of Elima Lani Condominiums, 152 Hawaiʻi 406, 526 P.3d 383 (2023)] to order the [AOAO] to disburse rental income the [AOAO] obtained *prior* to the [circuit court's] granting of [US Bank's] Motion for Summary Judgment."

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration

to the arguments advanced and the issues raised by the parties, we resolve the AOAO's points of error[2] as follows.

The AOAO contends that the circuit court's Confirmation Order erroneously ordered the AOAO's accounting and disbursement of the rental income pursuant to HRS § 514B-146(n) (2018). "The lower court's authority to confirm a judicial sale is a matter of equitable discretion. Hence, the exercise of discretion by the lower court judge will not be disturbed on appeal except for abuse." U.S. Bank Tr., N.A. v. Ass'n of Apartment Owners of Waikoloa Hills Condo. Phase 1, 150 Hawaiʻi 573, 581, 506 P.3d 869, 877 (App. 2022) (cleaned up). Interpretation of a statute is a question of law reviewed de novo. Barker v. Young, 153 Hawaiʻi 144, 148, 528 P.3d 217, 221 (2023).

HRS § 514B-146(n) provides:

**After any judicial or nonjudicial foreclosure proceeding in which the association acquires title to the unit**, any **excess rental income received by the association from the unit shall be paid to existing lien holders based on the priority of lien**, and not on a pro rata basis, **and shall be applied to the benefit of the unit owner**. For purposes of this subsection, excess rental income shall be any net income received by the association after a court has issued a final judgment determining the priority of a senior mortgagee and after paying, crediting, or reimbursing the association or a third party for:

(1)  The lien for delinquent assessments pursuant to subsections (a) and (b);

(2)  Any maintenance fee delinquency against the unit;

---

[2]  We consolidate and reorganize the AOAO's points of error herein.

> (3)    Attorney's fees and other collection costs related to the association's foreclosure of the unit; or
>
> (4)    Any costs incurred by the association for the rental, repair, maintenance, or rehabilitation of the unit while the association is in possession of the unit including monthly association maintenance fees, management fees, real estate commissions, cleaning and repair expenses for the unit, and general excise taxes paid on rental income;
>
> provided that the lien for delinquent assessments under paragraph (1) shall be paid, credited, or reimbursed first.

(Emphasis added.)

By its plain language, HRS § 514B-146(n) applies "[a]fter any judicial or nonjudicial foreclosure proceeding in which the association acquires title to the unit."  Id.; see also Barker, 153 Hawaiʻi at 149, 528 P.3d at 222 ("The rules of statutory interpretation require us to apply a plain language analysis when statutory language is clear.  Only when there is an ambiguity in a statute are we to resort to other methods of statutory interpretation.").

The Hawaiʻi Supreme Court has also expressly interpreted HRS § 514B-146(n) to apply in situations where an AOAO has foreclosed on a property:

> The first clause provides that **the statute only applies after an association has foreclosed.**  The second clause provides that "excess rental income" shall be paid to senior lien holders by priority, to be applied for "the benefit of the unit owner."  In context, it is clear that "the unit owner" refers to the owner prior to the association, on whom the association foreclosed.  See HRS § 514B-146(a) (Supp. 2015) (allowing the association, during its foreclosure, to collect a "reasonable rental" from "the unit owner").
>
> . . . .

5

> [W]e interpret HRS § 514B-146(n) to apply to rental income received by the association **after a mortgagee's subsequent foreclosure**, whether or not a commissioner is appointed. The statute entitles the association to such income, however collected, but only to the extent it does not exceed the sum of the amounts listed in subsections (1) through (4). . . . .
>
>      . . . .
>
> [I]n enacting HRS § 514B-146(n), the legislature intended for a foreclosing association to be able to collect what it was due and no more; hence, the association is to receive all rents short of "excess rental income." Accordingly, the statute calls for an accounting to take place upon confirmation. The association must account for all rents **from the time it foreclosed on the property**.

Elima, 152 Hawaiʻi at 415-16, 526 P.3d at 392-93.[3]

Here, the AOAO did not acquire the Property through judicial or nonjudicial foreclosure proceedings. The Smiths, who were delinquent on their maintenance fees, quitclaimed the Property to the AOAO as part of a settlement agreement. We conclude that neither HRS § 514B-146(n), nor Elima, provides legal authority for the circuit court to order the AOAO to account for and disgorge rental proceeds collected from the time it acquired the Property by quitclaim deed in 2013, until the Confirmation Order was entered in 2024. The circuit court, which appears to have relied solely upon HRS § 514B-146(n) and Elima, therefore erred in ordering the AOAO to account for and disgorge the rental proceeds on that basis.

---

[3] In Elima, there were two foreclosure actions: a 2015 nonjudicial foreclosure pursuant to HRS § 667, et seq. (2016), through which the association acquired possession of the property; and a 2016 judicial foreclosure through which the lender and mortgagee obtained a foreclosure judgment.

For the foregoing reasons, we vacate the Judgment. We affirm in part, and vacate in part, the Confirmation Order and the Order Denying Reconsideration. Specifically, we vacate the following paragraphs of the Confirmation Order:

> 11. The [AOAO] shall file a complete and detailed accounting and explanation of all rental proceeds collected, and any charges and expenses made against the . . . Property beginning from the date the [AOAO] became the record owner of the . . . Property through the date of the [circuit court's] entry of this [Confirmation Order]. The [AOAO] shall provide its accounting and disburse any excess rental proceeds within thirty-five (35) days from the [circuit court's] entry of this [Confirmation Order] unless otherwise ordered by the [circuit court].

> 12. The [AOAO], shall disburse any excess rental proceeds by the sale closing deadline set forth by the [circuit court] herein, with the disbursement consistent with [Elima], in the following order of priority:

>> i. First, pay any real property taxes to the County of Maui that remain outstanding at the time of closing and any real property taxes that [US Bank] has advanced, to the benefit of the [AOAO], from the date of their ownership;

>> ii. Second, any current common expenses owed on the Property and other charges as allowed under [HRS] § 514B-146(n), due to [the AOAO] until the date of closing;

>> iii. Third, pay Commissioner's fees/costs;

>> iv. Fourth, to pay down [US Bank's] delinquency;

>> v. Fifth, any further excess rental proceeds to [the Smiths], the former owners of the . . . Property.

We further vacate any other part of the Confirmation Order and Order Denying Reconsideration that requires the AOAO to provide an accounting and disgorgement of the rental proceeds it collected on the Property prior to entry of the Confirmation Order. We remand for further proceedings consistent with this

7

summary disposition order, including with regard to the circuit court's discretion to consider its equitable authority to order the AOAO's accounting and disgorgement of rental proceeds on any basis in equity other than HRS § 514B-146(n) and Elima.

DATED: Honolulu, Hawaiʻi, June 8, 2026.

On the briefs:

Kelly A. LaPrade,
for Defendant-Appellant.

Leila M. Rothwell,
for Plaintiff-Appellee.

David W. Cain,
for Defendants-Appellees.

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge