**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000690
31-JAN-2025
11:23 AM
Dkt. 61 SO**

NO. CAAP-22-0000690

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
KOA KAAKIMAKA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 3CPC-21-0000224)


SUMMARY DISPOSITION ORDER
(By: Wadsworth, J., with Hiraoka, Presiding Judge, concurring in
part and dissenting in part separately, and Guidry, J.,
concurring in part and dissenting in part separately)

Defendant-Appellant Koa Kaakimaka (**Kaakimaka**) appeals from the Judgment of Conviction and Probation Sentence (**Judgment**) entered on October 17, 2022, in the Circuit Court of the Third Circuit (**Circuit Court**).[1]

On March 8, 2021, Plaintiff-Appellee State of Hawai'i charged Kaakimaka by indictment with one count of Violation of Privacy in the First Degree, pursuant to Hawaii Revised Statutes (**HRS**) § 711-1110.9(1)(a) (2014).[2]  Following a two-day trial in

---

[1]   The Honorable Robert D.S. Kim presided.

[2]   HRS § 711-1110.9 provides, in relevant part,

(1)   A person commits the offense of violation of privacy in the first degree if, except in the execution of a public duty or as authorized by law:

(a)   The person intentionally or knowingly installs or uses, or both, in any private place, without consent of the person or persons entitled to privacy therein, any device for observing,

(continued...)

August 2022, the jury returned a guilty verdict.  The Circuit Court sentenced Kaakimaka to a term of four years of probation. This appeal followed.

Kaakimaka raises six points of error on appeal, contending that:  (1) the Circuit Court erred in denying Kaakimaka's November 15, 2021 "Motion to Dismiss Charge Due To Deficient, Insufficient, and Defective Charging Language" (**Motion to Dismiss**); (2)-(4) the Circuit Court erred in failing to instruct the jury as to Kaakimaka's requested definitions for "installed or used a device in a private place" and "private place[,]" and on the lesser included charge of Violation of Privacy in the Second Degree, pursuant to HRS § 711-1111(1)(b) (Supp. 2016); (5) Kaakimaka's conviction is not supported by sufficient evidence that he installed or used a device in a private place; and (6) the Circuit Court erred in denying Kaakimaka's November 15, 2021 motion to suppress evidence for illegal search/seizure and warrantless arrest.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, the court resolves Kaakimaka's contentions as follows, and vacates the Judgment.

(1)  Kaakimaka contends that the Circuit Court erred in denying his Motion to Dismiss, which argued that the indictment was insufficient because, by not including the statutory definition of "private place," it contained "deficient, insufficient, and defective charging language."  "Whether a charge sets forth all the essential elements of a charged offense is a question of law, which we review under the de novo, or right/wrong standard."  State v. Baker, 146 Hawaiʻi 299, 305, 463 P.3d 956, 962 (2020) (citing State v. Wheeler, 121 Hawaiʻi 383, 390, 219 P.3d 1170, 1177 (2009)).

"A charge's essential elements include conduct, attendant circumstances, and results of conduct."  State v.

_____

2/  (...continued)
recording, amplifying, or broadcasting another person in a stage of undress or sexual activity in that place[.]

2

Kauhane, 145 Hawaiʻi 362, 370, 452 P.3d 359, 367 (2019) (citing State v. Sprattling, 99 Hawaiʻi 312, 329 n.6, 55 P.3d 276, 293 n.6 (2002), and HRS § 702-205 (2014)).  "Where a statute sets forth with reasonable clarity all essential elements of the crime intended to be punished, and fully defines the offense in unmistakable terms readily comprehensible to persons of common understanding, a charge drawn in the language of the statute will be sufficient."  Id. (brackets omitted) (quoting State v. Nesmith, 127 Hawaiʻi 48, 53, 276 P.3d 617, 622 (2012)).  However, an indictment "cannot reasonably be construed to charge an offense if . . . the common definition of an element of an offense set forth in the charge does not comport with its statutory definition."  Baker, 146 Hawaiʻi at 308, 463 P.3d at 965 (citing State v. Pacquing, 139 Hawaiʻi 302, 308, 389 P.3d 897, 903 (2016), and Wheeler, 121 Hawaiʻi at 394, 219 P.3d at 1181)).

Kaakimaka was charged with Violation of Privacy in the First Degree.  A person commits this offense when they "intentionally or knowingly install[] or use[], or both, in any private place, without consent of the person or persons entitled to privacy therein, any device for observing, recording, amplifying, or broadcasting another person in a stage of undress or sexual activity in that place[.]"  HRS § 711-1110.9(1)(a) (emphasis added).  HRS § 711-1100 (2014) defines "private place" as "a place where one may reasonably expect to be safe from casual or hostile intrusion or surveillance, but does not include a place to which the public or a substantial group thereof has access."

The indictment charging Kaakimaka stated, in relevant part:

> On or about the 12th day of June, 2018, in North Kohala, in the County and State of Hawaiʻi, KOA KAAKIMAKA . . . intentionally or knowingly installed or used, or both, in any private place, without the consent of the person or persons entitled to privacy therein, any device for observing, recording, amplifying, and/or broadcasting another person in a stage of undress or sexual activity in that place, thereby committing the offense of Violation of Privacy in the First Degree, in violation of Section 711-1110.9,(a), Hawaiʻi Revised Statutes, as amended[.]

The indictment did not include the statutory definition of "private place" or otherwise specify the type of "private place" in which Kaakimaka committed the alleged conduct. Kaakimaka contends that absent the statutory definition, the indictment was "insufficient and defective," because it failed to allege all elements of the charged offense and because the statutory definition of "private place" does not comport with the common definition of that phrase.

The phrase "private place" is susceptible to multiple common meanings. Webster's, for example, sets out numerous definitions of "private," including several definitions that commonly modify "place," as follows:

> 1. belonging to some particular person: *private property* . . . 8. not open or accessible to the general public: *a private beach* . . . 10. without the presence of others; alone. 11. solitary; secluded . . . .

Webster's Encyclopedic Unabridged Dictionary 1540 (1996 ed.). The same source also sets out numerous definitions of "place," including the following:

> 1. a particular portion of space, whether of definite or indefinite extent; 2. space in general: *time and place*. 3. the specific portion of space normally occupied by anything . . . 4. a space, area, or spot, set apart or used for a particular purpose . . . .

Id. at 1478.

The common meaning of "private place" can thus encompass more and/or different places than the statutory definition. For example, a person of ordinary intelligence could reasonably construe the phrase "private place" as a place belonging to a particular person. Because the indictment's use of the phrase "private place" did not "convey the extent or limits of the statutory definition," and failed to apprise Kaakimaka of what he was required to defend against, the charge against him was deficient. Kauhane, 145 Hawaiʻi at 371, 452 P.3d at 368 (common meaning of "obstructs" was broader than defined term in Obstructing statute, HRS § 711-1105); Pacquing, 139 Hawaiʻi at 308, 389 P.3d at 903 (common meaning of "confidential personal information" was broader than defined term in UPCPI

4

statute, HRS § 708-839.55); Wheeler, 121 Hawaiʻi at 394, 219 P.3d at 1181 (common meaning of "operate" was broader than defined term in OVUII statute, HRS § 291E-61).  The deficient charge deprived Kaakimaka of the right to due process.  Nesmith, 127 Hawaiʻi at 52, 276 P.3d at 621.

As a result, the State failed to state an offense, and the conviction based upon it cannot be sustained.  The Judgment must be vacated and on remand, the Circuit Court must dismiss the charge without prejudice.  See Kauhane, 145 Hawaiʻi at 364-65, 452 P.3d at 361-62; see also Pacquing, 139 Hawaiʻi at 308-09, 389 P.3d at 903-04 ("Because the complaint against [the defendant] is legally insufficient, it is dismissed without prejudice."); Wheeler, 121 Hawaiʻi at 386, 219 P.3d at 1173 (affirming this court's judgment, which vacated and remanded the case with instructions to dismiss without prejudice, because the charge was deficient).

(2)-(4) and (6)  In light of this disposition, the court does not reach the arguments raised in these points of error.

(5)  Kaakimaka contends that the "State failed to present sufficient evidence to prove beyond a reasonable doubt that [he] installed or used a device in a private place."  More specifically, he agues:  "The undisputed evidence was that Kaakimaka held a phone up to a window outside of the house.  The area outside of the window was not a private place.  Thus, Kaakimaka did not use in a private place."

We review the sufficiency of evidence on appeal as follows:

> Evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury.  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Yuen, 154 Hawaiʻi 434, 444, 555 P.3d 121, 131 (2024) (brackets omitted) (quoting State v. Richie, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241 (1998)).

In order to convict Kaakimaka of Violation of Privacy in the First Degree, the State was required to prove that he "intentionally or knowingly install[ed] or use[d], or both, in any private place, without consent of the person or persons entitled to privacy therein, any device for observing, recording, amplifying, or broadcasting another person in a stage of undress or sexual activity in that place[.]"  HRS § 711-1110.9(1)(a); see HRS § 711-1100 (defining "private place").

At trial, the complaining witness (**CW**) testified to the following:  In the summer of 2018 (later identified as June 12, 2018), while CW was showering in the bathroom of her family's vacation rental home, she observed a hand holding up a phone outside of the bathroom window.  Panicking, CW sent a text message to her mother, then began yelling for her.  When CW's mother came in, CW told her mother, "I think someone's trying to take pictures of me."  CW was unclothed in the shower and had not given anyone consent to record her through the bathroom window.  CW testified that "[i]t seemed to be pretty clear that I was seeing someone trying to see what was in the shower."

The investigating police officer, Officer Landon Takenishi (**Officer Takenishi**), testified that on the day of the incident, he went to the house and found the phone matching the CW's description in the possession of Kaakimaka.  Officer Takenishi testified that the bathroom window at issue was approximately six feet off the ground, and the window was above his head when he was outside the house.  He further testified that he is about the same height as Kaakimaka.

The State also introduced photographic evidence at trial showing that the bathroom window at issue was significantly above eye level, such that a person outside the window would have to be at an elevated position to view or record an individual in the shower.  Based on Officer Takenishi's testimony and the photographic evidence, the jury could have reasonably concluded that the position of the bathroom window did not allow a yard worker such as Kaakimaka[3] or other passerby on the outside to

_____

[3]     Rhavi Campbell testified that he owns a landscaping company that
(continued...)

6

casually observe someone taking a shower in the bathroom.

Considered in the strongest light for the prosecution, the evidence at trial showed that Kaakimaka held up a phone to the outside of the bathroom window to record CW taking a shower. Kaakimaka does not dispute that CW was entitled to privacy in the shower or that he held up the phone to the bathroom window. Rather, he argues that as a matter of law, "[the] outside of the house was obviously not a private place as both Kaakimaka and his boss . . . were working there as contracted landscapers."

Not so. The plain language of HRS § 711-1110.9(1)(a) does not distinguish between the "inside" and "outside" elements of a "private place"; nor does it recognize a clerestory (or high) window as the limit of a "private place" in a house. Similarly, HRS § 711-1100 does not define a "private place" by reference to whether it is indoors, outdoors or some combination of the two. Rather, "private place" is defined by reference to whether a person in that place "may reasonably expect to be safe from casual or hostile intrusion or surveillance," and "does not include a place to which the public or a substantial group thereof has access." HRS § 711-1100. Here, based on the evidence presented at trial, the jury could have reasonably concluded that the private place at issue included both the shower itself and the area immediately outside of the bathroom window, as that entire space was a place where one might "reasonably expect to be safe from casual or hostile intrusion or surveillance," and was not "a place to which the public or a substantial group thereof ha[d] access." Id.

Upon review of the record, the court concludes there was substantial evidence that Kaakimaka intentionally or knowingly used, in any private place, without the consent of the person entitled to privacy therein, a phone for observing or recording that person in a stage of undress in that place. Accordingly, on this record, the evidence was sufficient to support Kaakimaka's conviction.

---

[3]/ (...continued)
works from Kona to Honokaʻa, and that he and his employee, Kaakimaka, were working at the subject house when the alleged incident occurred.

For the reasons discussed above, the Judgment of Conviction and Probation Sentence entered on October 17, 2022, in the Circuit Court of the Third Circuit, is vacated, and the case is remanded to the Circuit Court with instructions to dismiss the indictment without prejudice.

DATED:  Honolulu, Hawaiʻi, January 31, 2025.

/s/ Clyde J. Wadsworth
Associate Judge

OPINION BY HIRAOKA, J.
CONCURRING IN PART AND DISSENTING IN PART

I concur that the charge against Kaakimaka was deficient, for the reasons stated in the plurality opinion. But I respectfully dissent from the plurality's conclusion that the evidence was sufficient to sustain Kaakimaka's conviction under HRS § 711-1110.9(1)(a).

Interpretation of a statute is a question of law reviewed de novo. Barker v. Young, 153 Hawaiʻi 144, 148, 528 P.3d 217, 221 (2023). We start with the statute's language; "implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself." Id. "The rules of statutory interpretation require us to apply a plain language analysis when statutory language is clear. Only when there is an ambiguity in a statute are we to resort to other methods of statutory interpretation." Id. at 149, 528 P.3d at 222.

HRS § 711-1110.9 (2014) provides:

> (1)   A person commits the offense of violation of privacy in the first degree if, except in the execution of a public duty or as authorized by law:
>
> > (a)     The person intentionally or knowingly installs or uses, or both, ***in any private place***, without consent of the person or persons entitled to privacy ***therein***, any device for observing, recording, amplifying, or broadcasting another person in a stage of undress or sexual activity ***in that place***[.]

(Emphasis added.)  HRS § 711-1100 (2014) provides:

> "Private place" means a place where one may reasonably expect to be safe from casual or hostile intrusion or surveillance, but does not include a place to which the public or a substantial group thereof has access.

In my view the plain language of HRS § 711-1110.9(1)(a) criminalizes a person intentionally using a camera *in* a private place (as defined by statute), without the consent of another person *in* that private place, for recording the other person in a stage of undress *in* that private place. CW was showering in the bathroom of a house, certainly a private place as defined by HRS

§ 711-1100.  CW testified she saw the hand of a person outside the house holding a phone up to the bathroom's clerestory window. The plurality concludes that HRS § 711-1110.9(1)(a) "does not distinguish between the 'inside' and 'outside' elements of a 'private place,'" but I think the plain statutory language does. To commit the offense, a person must use a recording device "in" a private place without the consent of the person "therein."  CW was "in" the bathroom; the phone and the person she saw holding it were not "therein."  Had CW been showering outside the house beneath the clerestory window, or outside the window where she saw the phone being held, she could not have reasonably expected to be safe from intrusion or surveillance.  The State did not introduce evidence that Kaakimaka or his phone were "in" the bathroom where CW was showering.  I would remand and instruct the circuit court to dismiss the indictment with prejudice.

/s/ Keith K. Hiraoka
Presiding Judge

**OPINION BY GUIDRY J.**
**CONCURRING IN PART AND DISSENTING IN PART**

For the reasons set forth below, I concur in part and dissent in part with the plurality opinion.

I concur in part because I agree, for the reasons set forth in the plurality's opinion, that the evidence was sufficient to sustain Kaakimaka's conviction.

I dissent in part because, in my view, the State's charging document was not defective. When a criminal defendant challenges the sufficiency of a charging instrument, an appellate court will uphold that charge if, inter alia: (1) "it contains the elements of the offense"; and (2) it "sufficiently apprises the defendant of what [the defendant] must be prepared to meet." State v. Mita, 124 Hawai'i 385, 390, 245 P.3d 458, 463 (2010) (citation omitted). "The relevant inquiry, therefore, is whether or not the charge [has] provided the accused with fair notice of the essential elements." Id. (citation omitted).

"In general, where the statute sets forth with reasonable clarity all essential elements of the crime intended to be punished, and fully defines the offense in unmistakable terms readily comprehensible to persons of common understanding, a charge drawn in the language of the statute is sufficient." State v. Wheeler, 121 Hawai'i 383, 393, 219 P.3d 1170, 1180 (2009) (cleaned up).

The indictment, which tracked the language of HRS § 711-1110.9(1)(a) provided,

> COUNT 1 . . .
>
> On or about the 12th day of June, 2018, in North Kohala, in the County and State of Hawai'i, KOA KAAKIMAKA, other than in the execution of a public duty or as authorized by law, intentionally or knowingly installed or used, or both, **in any private place, without the consent of the person or persons entitled to privacy therein**, any device for observing, recording, amplifying, and/or broadcasting another person in a stage of undress or sexual

> activity in that place, thereby committing the offense of
> Violation of Privacy in the First Degree, in violation of
> Section 711-1110.9[(1)](a), Hawaiʻi Revised Statutes, as
> amended[.]

(Emphasis added.)  I would conclude that the indictment's reference to "private place" as a place where "the person or persons [were] entitled to privacy therein," was sufficient to put Kaakimaka on notice as to the elements of the offense for which he was being charged.[1]  In my view, the statutory definition of "[p]rivate place" comports with the common understanding of the term.

Moreover, the record reflects Kaakimaka's knowledge that he was being charged with using his phone to make a recording, through a bathroom window, of CW taking a shower. See Wheeler, 121 Hawaiʻi at 396, 219 P.3d at 1183 (noting that when the appellate court is "determining whether a defendant has been adequately informed of the charges against him, [it] can consider other information" besides the charge "that may have been provided to the defendant during the course of the case up until the time defendant objected to the sufficiency of the charges against him").

In this context, it is clear that Kaakimaka was recording in a "[p]rivate place" – a place where, consistent with the statutory definition, "one may reasonably expect to be safe from casual or hostile intrusion or surveillance" that is not "a place to which the public or a substantial group thereof has access."  See HRS § 711-1100.  I would therefore conclude that the charging document is not insufficient.  See State v. Aquino, 154 Hawaiʻi 388, 395, 550 P.3d 1246, 1253 (2024) ("We

---

[1]    HRS § 711-1100 defines "[p]rivate place" as "a place where one may reasonably expect to be safe from casual or hostile intrusion or surveillance, but does not include a place to which the public or a substantial group thereof has access."

repeat that charging documents are meant to provide notice, not to facilitate obtuse technical arguments about what is and what is not an element of a crime, or about what complex statutory definitions should or should not be included in a charging document.") (cleaned up).

For the foregoing reasons, I respectfully disagree with the plurality's decision to vacate the Judgment for insufficiency of the charging document, and would address the remaining points of error.

/s/ Kimberly T. Guidry
Associate Judge